310 So.2d 38 (1975)
George Bell HEATH, Appellant,
v.
STATE of Florida, Appellee.
No. 74-331.
District Court of Appeal of Florida, Fourth District.
March 7, 1975.
Rehearing Denied April 18, 1975.
*39 Richard L. Jorandby, Public Defender, and Bruce J. Daniels, Asst. Public Defender, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Anthony J. Golden, Asst. Atty. Gen., West Palm Beach, for appellee.
OWEN, Chief Judge.
Appellant seeks review of an order revoking probation. We reverse.
The affidavit and warrant for violation of probation alleged a violation of the condition requiring appellant to "live and remain at liberty without violating any law", in that, while on probation, he committed armed robbery in Orange County, Florida, on February 24, 1974. The points on appeal involve the procedure followed by the court at the hearing on this warrant for violation.
Appellant's first point is that he was entitled to a jury trial on the issue of identity as the perpetrator of the alleged criminal act, i.e., armed robbery. There is no merit to this point. See Beasley v. State of Florida, Fourth District Court of Appeal, 310 So.2d 37, opinion filed March 7, 1975; Singletary v. State, Fla.App. 1974, 290 So.2d 116.
Appellant's second point is that the court erred in permitting the state to call appellant as a witness over his objection. It is apparent from the record that in overruling the appellant's objection to this procedure, the court was relying upon one of the conditions of probation requiring the probationer to "promptly and truthfully answer all inquiries directed by the court and probation supervisor... ." This was error, as it clearly violated appellant's right, under the Fifth Amendment of the United States Constitution, not to be compelled in any criminal case to be a witness against himself. Accepting probation with such condition did not constitute a waiver of the constitutional protection. Cf. State v. Gansz, Fla.App. 1974, 297 So.2d 614, holding that accepting probation does not deprive a probationer of his Fourth Amendment rights.
*40 The court reporter's transcript of the hearing on the warrant for revocation discloses ample evidence upon which the court could have found appellant guilty of the alleged violation, absent his self-incriminating statements. Nonetheless, we feel that the error injuriously affected the substantial rights of the appellant and that he should be granted a new hearing on the alleged violation.
The order appealed is reversed and the cause remanded for further proceeding.
Reversed and remanded.
MAGER and DOWNEY, JJ., concur.