OWEN, Chief Judge.
Bobby Beasley, while on probation as a result of a nolo contendere plea to a burglary charge, was caught in the act of committing another burglary. As a consequence, probation was revoked and he was adjudicated and sentenced on the original charge. On appeal from the order revoking probation, he asserts that the court erred in refusing to reserve ruling pending a jury trial on the subsequent burglary offense.
At the revocation hearing appellant had requested only that the trial court reserve ruling pending a jury trial on the subsequent burglary charge. The denial of that request was not error. On this appeal, appellant takes a different tack. He now argues that since there was (or would be at trial) an issue of his identity as the perpetrator of the subsequent burglary, he was entitled to trial by jury on this issue [of identity] before probation could be revoked. In support thereof, he cites the cases of Hooks v. State, Fla.App.1968, 207 So.2d 459, and State ex rel. Roberts v. Cochran, Fla.1962, 140 So.2d 597.
This question should be laid to rest. We thought we had done so in the case of Singletary v. State, Fla.App.1974, 290 So.2d 116, wherein we stated, at 121-2:
“While a trial judge would have authority to use an advisory jury to determine a disputed issue of fact, such as identity, in a revocation hearing and the use of a jury in a revocation hearing has been discussed in dicta in State v. Cochran, 140 So.2d 597 (Fla.1962) and Hooks v. State, 207 So.2d 459 (2 DCA Fla.1968), no provision of constitution, statute or court rule requires it and the trial judge did not err in denying the appellant’s motion for a jury trial on the issue of identity.”
The order appealed is affirmed.
CROSS and MAGER, JJ., concur.