311 So.2d 780 (1975)
Kalvin HOLMES, Appellant,
v.
The STATE of Florida, Appellee.
No. 74-810.
District Court of Appeal of Florida, Third District.
March 25, 1975.
Rehearing Denied May 13, 1975.
*781 Phillip A. Hubbart, Public Defender, and Roy S. Wood, Jr., Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Stephen Nagin, Asst. Atty. Gen., for appellee.
Before HENDRY and HAVERFIELD, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
Defendant-appellant seeks review of an order of revocation of probation and sentence to two years in the state penitentiary.
Defendant contends the trial court erred in compelling him to identify himself as the individual who was placed on probation in the revocation proceeding sub judice, thereby violating his right against self-incrimination as guaranteed by the United States and Florida Constitutions. This alleged error arises out of the following colloquy:
* * * * * *
"THE COURT: Kalvin Holmes, were you the man on probation in this case?
"THE DEFENDANT: Yes, sir.
"THE COURT: Go ahead. proceed.
"MRS. SNYDER: I would object, Your Honor.
"THE COURT: Objection overruled.
"MRS. SNYDER: I would also request that this Court enter a mistrial.
"THE COURT: Denied. Check the law. You will find that the Court has every right to ask the Defendant on probation if he is the one that's on probation. If the Defendant refuses, he can go to jail for refusing to answer."
* * * * * *
The constitutional privilege against self-incrimination relates to protecting an accused from the process of extracting from his own lips against his will an admission of guilt. Parkin v. State, Fla. 1970, 238 So.2d 817. This protection against self-incrimination is applicable to any evidence, documentary or oral, that tends to convict one of a crime or subject him to penalty or forfeiture; whether the prosecution, penalty or forfeiture involves a civil or criminal act is not material. Boynton v. State, Fla. 1954, 75 So.2d 211. Nevertheless, even though a witness must *782 judge the possible effect of his answer and should not be required to explain how the answer will incriminate him, it is the court which must determine under all the circumstances of the case, whether such will be its tendency from the question asked. Ex parte Senior, 37 Fla. 1, 19 So. 652 (1896); Wallace v. State, 41 Fla. 547, 26 So. 713 (1899); Lorenzo v. Blackburn, Fla. 1954, 74 So.2d 289.
Turning to the case sub judice, in light of the above principles of law, we first note that the purposes of a revocation of probation hearing which is informal are (1) to satisfy the conscience of the court as to whether the conditions of the suspended sentence have been violated, and (2) to give the person accused of violating the suspended sentence an opportunity to explain away the accusation against him.[1] Brill v. State, 159 Fla. 682, 32 So.2d 607 (1947); Bernhardt v. State, Fla. 1974, 288 So.2d 490. Defendant-appellant already having pled guilty to the offense of grand larceny and having been granted the privilege to remain at liberty by judicial grace, it is clear that the probation revocation hearing was conducted as much for the benefit of the defendant as it was for the court. The question, "were you the man on probation in this case?," put to the defendant by the court in the case at bar in no way required the defendant to state the circumstances of any occurrence tending to demonstrate that he violated one or more conditions of his probation. Rather, the question merely required him to identify himself as the probationer, an issue not in dispute in the case at bar. We simply do not believe that a revocation of probation hearing is "criminal" in the sense that defendant probationer had the right of the criminally accused not to testify. Thus, we conclude that defendant's constitutional guaranty against compulsory self-incrimination was not infringed upon.
In addition, an examination of the record on appeal demonstrates that there is independent testimony as to the identification of appellant contained therein.
Accordingly, the order of revocation of probation and sentence herein appealed is affirmed.
Affirmed.
NOTES
[1] But even this does not contemplate a strict or formal trial.