MAGER, Chief Judge.
Upon review of the briefs and record on appeal we are of the opinion that the cause must be dismissed for lack of jurisdiction.
The notice of appeal contained in the appellate record which was filed on July 23, 1975 is directed to the “judgment, rulings or minutes of the Circuit Court of the Ninth (9th) Judicial Circuit in and for Osceola County, Florida, bearing the date July 21, 1975, and rendered and recorded in Circuit Court Minutes Book 13, Page 452”. However, a review of the appellate record fails to reflect the existence of any appealable judgment (or ruling) either orally or in writing on the said July 21, 1975. Cf. Williams v. State, 324 So.2d 74 (Fla.1975).
The briefs of the public defender and the state fail to address themselves to the jurisdictional point and have instead sought to present an appellate issue involving an order entered on September 4, 1975 and styled “Order Withholding Adjudication of Guilt and Placing Defendant on Probation”. This order is unfortunately not before the court because the appeal was filed before this order was entered. Except for the briefs, there is nothing in the appellate record seeking a review of this order.
In this regard, we observe that the order of probation contains a condition which on its face is null and void.[1] See Heath v. State, 310 So.2d 38 (Fla.App.4th, 1975); State v. Gansz, 297 So.2d 614 (Fla.App.4th, 1974). However, because of the fundamental jurisdictional problem this court is unable to reach and treat the appellate issue.
Accordingly, the appeal is dismissed without prejudice to the defendant to pro *13 ceed in the trial court pursuant to' Rule 3.-800, FRCrP, Correction and Reduction of Sentences,[2] or pursuant to any other procedure providing post-conviction relief with the respectful request that the trial court entertain such proceeding upon the defendant’s or the court’s own motion.
WALDEN and DOWNEY, JJ„ concur.

. The objectionable condition contained in the order provided for the defendant to “submit your person, residence or automobile to search by Probation Supervisor or law enforcement officer upon demand without search warrant.” ,A determination of probation cannot result in depriving the probationer of his constitutional guarantee of unreasonable searches and seizures. See State v. Gansz, supra. The further condition imposing jail time during the probationary period is valid. Lewis v. State, 298 So.2d 540 (Fla.App.4th, 1974).

. Under Rule 3.800, FRCrP, a court may “at any time correct an illegal sentence imposed by it” or may “reduce a legal sentence imposed by it . . . within sixty days after receipt by the court of a certified copy of an order of the appellate court dismissing an original appeal . . . ”.