343 So.2d 13 (1977)
STATE of Florida, Petitioner,
v.
George Bell HEATH, Respondent.
No. 47316.
Supreme Court of Florida.
February 10, 1977.
Rehearing Denied March 31, 1977.
*14 Robert L. Shevin, Atty. Gen., and Anthony J. Golden, Asst. Atty. Gen., for petitioner.
Richard L. Jorandby, Public Defender, Elliot R. Brooks, Chief Public Defender, and James R. Bean, III, Asst. Public Defender, for respondent.
OVERTON, Chief Justice.
This is a petition for writ of certiorari seeking review of a decision by the Fourth District Court of Appeal, reported in Heath v. State, 310 So.2d 38 (Fla. 4th DCA 1975). Conflict is asserted with the Third District decision in Holmes v. State, 311 So.2d 780 (Fla. 3d DCA 1975). Statements by the respective District Courts are conflicting although the factual circumstances are not identical. We find decisional conflict which requires resolution to avoid confusion. We have jurisdiction.[1] The issue is whether the Fifth Amendment privilege against self-incrimination protects a probationer from being compelled to testify in a probation revocation hearing.
In the instant case, the alleged probation violation was an arrest for armed robbery. The respondent probationer was brought before the circuit court for a revocation hearing and was compelled by the court, over the objection of counsel, to testify and answer to the charges of an armed robbery. He was specifically required by the court upon the request of the prosecutor to account for the circumstances in which he was apprehended and explain "why he was arrested for robbery."
The record reveals that the respondent was apprehended by law enforcement personnel in the woods near Disney World with a toy cap pistol and two bags containing money believed to be the proceeds of a robbery of the Top of the World Nightclub in the Contemporary Hotel. The victim was unable to identify the respondent as the individual who had worn a bag over his head, but did state that there was similarity between the gun and bags used in the robbery and those introduced into evidence as found on the respondent. Respondent in his directed testimony explained only the circumstances pertaining to his arrest and apprehension on the Disney World property. Upon completion of the hearing, the court found that the respondent,

*15 "has in fact violated condition H of his probation, and that he committed an offense against the laws of the State of Florida, and your probation will be revoked."
The actual criminal charge was dismissed subsequent to the revocation hearing. The Fourth District held the compulsion to testify by the trial court in reliance on the condition of probation requiring a probationer to "promptly and truthfully answer all inquiries directed by the court and probation supervisor" was erroneous. Citing State v. Gansz, 297 So.2d 614 (Fla.App. 4th 1974). The Fourth District concluded that compulsion to answer was unconstitutional and that it "injuriously affected the substantial rights." It reversed and remanded for a new hearing.
The State contends that the Third District decision in Holmes v. State, supra is in conflict. In Holmes the court held the trial court's requirement that a probationer in a revocation proceeding identify himself as "the man on probation in [that] case" did not infringe upon his right against compulsory self-incrimination. In so holding the court stated that it,
"simply [did] not believe that a revocation of probation hearing is `criminal' in the sense that defendant probationer had the right of the criminally accused not to testify." 311 So.2d at 782.
This latter statement places the two District Court decisions in direct conflict.
It is the position of the State in the instant case that probationers have no right to remain silent at probation revocation hearings, contending that probation is a matter of judicial grace and that it is accepted under the condition that the probationer answer "inquiries directed by the court and the probation supervisor." The State further contends that Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); and State v. Gansz, 297 So.2d 614 (Fla.App. 4th 1974), do not unequivocally find Sixth and Fourth Amendment rights respectively in probationers. Further, that United States v. Johnson, 455 F.2d 932 (5th Cir.1972), refused to recognize that Miranda was applicable in the instance where probationer upon the direction of his probation officer had informed him verbally and in writing of his probation violations.
Respondent on the other hand contends that the Fifth Amendment right at issue may be invoked in any sort of proceeding, citing Kastigar v. United States, 406 U.S. 441, 92 S.Ct. 1653, 32 L.Ed.2d 212 (1972); Lefkowitz v. Turley, 414 U.S. 70, 94 S.Ct. 316, 38 L.Ed.2d 274 (1973).
A probationer does not enjoy the same status as an ordinary citizen, but even so a probationer is entitled to some but not all due process rights. In Gagnon v. Scarpelli, supra, the United States Supreme Court held that these include the right to preliminary and final revocation hearings under the same conditions provided in Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). According to the court, the due process rights to be afforded the probationer in the final hearing include the following:
`(a) written notice of the claimed violations of [probation or] parole; (b) disclosure to the [probationer or] parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a "neutral and detached" hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking [probation or] parole.' Morrissey v. Brewer, supra, at 489, 92 S.Ct. at 2604.
The purpose of a revocation hearing is to determine whether the probationer has given cause to the court to revoke his probation. We recently noted that evidence obtained in violation of the Fourth Amendment may be admissible against the probationer at a revocation hearing even though it must be excluded at a criminal trial. *16 Croteau v. State, 334 So.2d 577 (Fla. 1976). We now hold that a probationer, upon a specific request and at periodic intervals, may be required to identify himself and provide all necessary information for his supervision including the place of his residence and his employment. He may also be required to confirm or deny his location at a particular place at a particular time, to explain his noncriminal conduct, and to permit the search of his person and quarters by the supervisor. Failure to do so may itself be grounds for revocation or probation. His agreement to accept the terms of probation effectively waives his Fifth Amendment privilege with regard to this information. There would be no practical means to properly supervise an individual on probation without a requirement that the probationer respond to directions and requests for information from the probation supervisor. On the other hand, the Fifth Amendment privilege against self-incrimination must be applicable to specific conduct and circumstances concerning a separate criminal offense. There was absolutely no need in this case to test this point and require testimony from the probationer. There appears sufficient testimony and evidence available from other sources to establish that the petitioner defendant violated the terms of his probation.
The opinion of the Fourth District Court of Appeal is quashed and this cause is remanded for further proceedings consistent with this opinion.
It is so ordered.
BOYD, ENGLAND and SUNDBERG, JJ., concur.
ADKINS, J., concurs in result only.
NOTES
[1] Art. V, § 3(b)(3), Fla. Const.