350 So.2d 1075 (1977)
Frank Anthony PACE, Petitioner,
v.
STATE of Florida, Respondent.
No. 76-2010.
District Court of Appeal of Florida, Fourth District.
June 24, 1977.
Rehearing Denied October 11, 1977.
Richard L. Jorandby, Public Defender, Frank B. Kessler, Chief, Appellate Division, and Tatjana Ostapoff, Legal Intern, West Palm Beach, for petitioner.
Robert L. Shevin, Atty. Gen., Tallahassee, and Anthony J. Golden, Asst. Atty. Gen., West Palm Beach, for respondent.
LETTS, Judge.
The petition for a common law writ of certiorari is herewith denied upon the authority of the recent decision by the Florida Supreme Court in State v. Heath, 343 So.2d 13 (Fla. 1977).
We recognize that the Heath case overrules certain dictum in Pace v. State, 335 So.2d 11 (Fla. 4th DCA 1976). Accordingly, we recede from any position in Pace v. State, supra, that is inconsistent with State v. Heath, supra.
Denied.
DOWNEY, J., concurs.
DAUKSCH, J., dissents, with opinion.
DAUKSCH, Judge, dissenting:
I must respectfully dissent and say that I would issue the writ and reverse.
The question here is whether or not the condition of probation which required the Petitioner to "submit your person, residence or automobile to search by Probation Supervisor or law enforcement officer upon demand without search warrant" is a valid and enforceable condition to place upon probationer in view of the Fourth Amendment rights all persons are supposed to have. In State v. Heath, 343 So.2d 13 (Fla. 1977) our Supreme Court had a similar question before it as is noted in the majority opinion here.
I think the requirement that the probationer "submit (his) person, residence, or automobile to a search ... (by any) law enforcement officer upon demand without search warrant" is clearly violative of probationer's constitutional rights against unreasonable searches and seizures and any holding in State v. Heath, supra, is not relevant here. (Emphasis supplied.) In Heath our Supreme Court recognized the necessity of full cooperation between the probation supervisor and the probationer. I agree this is necessary and desirable both for the proper administration and control of one under supervision of the court and for the benefit of the probationer to the end of rehabilitation. However to require a person who is on probation to submit upon demand his person, residence or automobile to a search by any law enforcement officer goes beyond the bounds of constitutional propriety. In State v. Heath, supra, our *1076 Supreme Court mentioned Croteau v. State, 334 So.2d 577 (Fla. 1976) in regard to the Fourth Amendment but, again, this applies only to probation supervisors and not to any law enforcement officer.

ON PETITION FOR REHEARING
DOWNEY, Judge.
Pace initially appealed to this court from an order of the trial court which placed him on probation subject to the condition, among others, that he "submit [his] person, residence or automobile to search by Probation Supervisor or law enforcement officer upon demand without search warrant."
This court dismissed the appeal for lack of jurisdiction because the notice of appeal predated any written order. Pace v. State, 335 So.2d 11 (Fla. 4th DCA 1976). In dismissing the appeal the court gratuitously said "... we observe that the order of probation contains a condition which on its face is null and void." The footnote reference quotes the foregoing condition.
In due course a written order was entered by the trial judge containing the same probation condition referred to. Pace then filed his petition for writ of certiorari, once again attacking the subject condition. In the meantime the Supreme Court of Florida decided State v. Heath, 343 So.2d 13 (Fla. 1977). On authority of Heath, this court, with Judge Dauksch dissenting, on June 24, 1977, denied the petition for writ of certiorari and receded from the gratuitous comment in the prior Pace opinion contained at 335 So.2d 11. Judge Dauksch's dissent expressed the opinion that requiring a probationer to submit to a search of his person, residence, and automobile by a law enforcement officer (as opposed to a probation supervisor) constituted an unlawful incursion into the probationer's Fourth Amendment rights against unreasonable searches and seizures.
We are now confronted with a petition for rehearing which challenges the majority ruling upholding the condition of probation requiring a probationer to submit to a search by law enforcement officers as well as a probation supervisor.
In Croteau v. State, 334 So.2d 577 (Fla. 1976), and State v. Heath, 343 So.2d 13 (Fla. 1977), the Supreme Court of Florida held that probation does not divest one entirely of his Fourth and Fifth Amendment constitutional rights. However probation certainly diminishes those constitutional rights since evidence obtained in violation of a probationer's Fourth or Fifth Amendment rights is admissible in a probation revocation proceeding (although such evidence is not admissible against the probationer in a new, separate criminal proceeding). But if evidence obtained by a law enforcement officer as a result of an unreasonable search and seizure is admissible in a proceeding to revoke one's probation, why would it not be proper to include law enforcement officers in a condition of probation requiring a probationer to submit to a search of his person and property? It would seem to redound to the probationer's benefit to put him on notice by a written condition that such a search might be made. See People v. Mason, infra.
Several cases have upheld as proper, probationary conditions requiring a probationer to submit to a search by law enforcement officers. In People v. Mason, 5 Cal.3d 759, 97 Cal. Rptr. 302, 488 P.2d 630 (1971), the Supreme Court of California approved a probationary condition which required the probationer "[to submit] to [a] search and seizure at any time of the day or night, without a search warrant whenever requested to do so by the Probation Officer or any law enforcement officer." 97 Cal. Rptr. at 303, 488 P.2d at 631. In that case the probationer attacked the search and seizure because he alleged the police did not request permission to make the search in question. In rejecting this contention (though acknowledging that the probationer must be given some notice of the intent to make the search) the court pointed out:
"We also note that to accept defendant's interpretation of the probation condition would defeat the acknowledged purposes of such a provision to deter further offenses by the probationer and to *1077 ascertain whether he is complying with the terms of his probation. `With knowledge he may be subject to a search by law enforcement officers at any time, he will be less inclined to have narcotics or dangerous drugs in his possession. The purpose of an unexpected, unprovoked search of defendant is to ascertain whether he is complying with his terms of probation; to determine not only whether he disobeys the law, but also whether he obeys the law. Information obtained under such circumstances would afford a valuable measure of the effectiveness of the supervision given the defendant and his amenability to rehabilitation.' (People v. Kern, 264 Cal. App.2d 962, 965, 71 Cal. Rptr. 105, 107.)"
97 Cal. Rptr. at 304, 488 P.2d at 632.
The California court went much farther than did the Supreme Court of Florida in Croteau, supra, holding that the evidence obtained was admissible in a new prosecution against the probationer for the contraband uncovered by the subject search.
In State v. Schlosser, 202 N.E.2d 136 (N.D. 1972), the Supreme Court of North Dakota approved a probationary condition almost identical to the one contained in the case sub judice. See also People v. Superior Court of San Mateo County, 12 Cal.3d 858, 117 Cal. Rptr. 433, 528 P.2d 41 (1974), and State v. Mitchell, 22 N.C. App. 663, 207 S.E.2d 263 (1974). But see United States v. Consuelo-Gonzalez, 521 F.2d 259 (9th Cir.1975); Tamez v. State, 534 S.W.2d 686 (Tex. Cr.App. 1976).
An interesting argument in favor of including law enforcement officers in the probationary condition under consideration is contained in the dissenting opinion authored by Judge Wright in the Consuelo-Gonzalez case, supra. Judge Wright points out that in the real world today the case load of most probation officers is so heavy that frequent visits to the probationer and his place of residence are just not in the cards. 521 F.2d at 271. Thus, periodic searches or the possibility thereof by law enforcement officers can serve the beneficial functions of supplementing the probation supervisors' activities as well as creating a stronger incentive on the part of probationers to rehabilitate themselves.
For the foregoing reasons we approve the condition of probation involved in this case and adhere to our opinion denying the petition for writ of certiorari.
REHEARING DENIED.
LETTS, J., concurs.
DAUKSCH, J., dissents, with opinion.
DAUKSCH, Judge, dissenting:
I cannot recede from my dissent. While I agree it is beneficial for the state to prevent its citizens, especially those on probation, from committing crimes, I do not feel it is desirable to permit unwarranted and unreasonable searches of probationers by any law enforcement officer at any time. If this becomes the standard in Florida then those persons who have been deemed worthy of probation and the freedom associated therewith need not fear, but expect, unwarranted intrusions upon the sanctity of their homes in the middle of the night by any municipal police officer, deputy sheriff, highway patrolman, conservation officer, agents of the department of criminal law enforcement, employees of state prisons or correctional systems and state attorneys, U.S. attorneys and their assistants and investigators. Maybe even members of the Armed Forces of the United States, the organized reserves, state militia, or Florida National Guard, when on duty or going to or from duty, or "under orders." See Section 790.001(8), Florida Statutes (1975). Of course I have omitted naming all of the persons considered federal law enforcement officers; FBI, IRS, and the various other "revenuers." It is not unlikely that a local law enforcement officer might take a dislike for a local probationer and take advantage of his right to walk into the probationers' house in the wee hours of the morning while mother and children rest. A very *1078 insidious result of a seemingly, to the majority here, innocuous and "beneficial" rule.
It seems to me the majority has ignored the spirit of the ruling in State v. Heath, 343 So.2d 13 (Fla. 1977), unless I have misconstrued the spirit myself. In Heath, supra, and in United States v. Consuelo-Gonzalez, 521 F.2d 259 (9th Cir.1975), the tenor of the opinions sounds to me like those courts are looking to proper probationary rules rather than restrictive imprisonment provisions. See also Tamez v. State, 534 S.W.2d 686 (Tex.Cr.App. 1976); People v. Peterson, 62 Mich. App. 258, 233 N.W.2d 250 (1975).
While our Supreme Court has not directly spoken (but soon will, I trust), it did say in Croteau v. State, 334 So.2d 577 (Fla. 1976),
"One does not absolutely forfeit the protection of the Fourth Amendment's prohibition of unreasonable searches and seizures merely by assuming the status of a probationer."
If Croteau, supra, is good law, and I think it is, then the majority here is not following that law. Even the dissent of the Chief Justice in Croteau, makes no mention of the rule quoted regarding a probationer not giving up his Fourth Amendment rights.
In People v. Mason, 5 Cal.3d 759, 97 Cal. Rptr. 302, 488 P.2d 630 (1971), cited by the majority, a well reasoned dissent is found which I believe should be the persuasive to a better rule of law for Florida.
If unwarranted, unreasonable searches and seizures by any law enforcement officer is the best standard to adopt for probationers then why not extend it to suspects in heinous crimes like mass murders, violent rapes and child molestings, and sales of heroin? Better yet, extend it to suspects.
I say that it may serve a useful purpose to demand a probationer accept the probing of his probation officer but it is repulsive to our constitutions to permit what the majority here sets out. I would grant rehearing and quash that portion of the Order of probation permitting any law enforcement officer the right to search as I said in my dissent.