351 So.2d 359 (1977)
Keith F. ISAACS, Appellant,
v.
STATE of Florida, Appellee.
No. 76-897.
District Court of Appeal of Florida, Fourth District.
October 25, 1977.
*360 Richard L. Jorandby, Public Defender, and Frank B. Kessler, Asst. Public Defender, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, Anthony J. Golden, Robert L. Bogen, Asst. Attys. Gen., and Charles A. Stampelos, Legal Intern, West Palm Beach, for appellee.
DOWNEY, Judge.
Only one of the three points appellant poses for our consideration has merit. In that point appellant contends that the order, under review, which placed him on probation for a period of seven years, is not authorized by law. Since the offense to which appellant entered his negotiated plea was a third degree felony breaking and entering, the maximum probationary period allowable by law is five years. See, e.g., Holmes v. State, 343 So.2d 632 (Fla.4th DCA 1977).
Although it has no merit, the point which concerns several conditions of probation imposed by the trial court warrants discussion. Appellant contends that the following conditions are unreasonable: a) appellant must have no contact with Bruce Arnold, Michael Smith, Billy Arnold, or Howard Isaacs (appellant's brother); b) the court retains custody over the person of the appellant and authorizes any probation supervisor and any law enforcement officer to search, at any time, the appellant and all vehicles and premises concerning which he has legal standing to give consent to the search; and c) appellant must submit to physical or chemical examinations upon the request of any probation supervisor or law enforcement officer to determine systemic presence of controlled substances or unlawfully acquired drugs. We reject appellant's contention and approve those conditions of probation. Steve v. Heath, 343 So.2d 13 (Fla. 1977); Pace v. State, 350 So.2d 1075 (Fla.4th DCA 1977), Case No. 76-2010.
For the foregoing reasons the order under review is modified to reflect a probationary period of five years; in all other respects it is affirmed.
AFFIRMED as modified.
LETTS, J., concurs.
DAUKSCH, J., dissents, with opinion.
DAUKSCH, Judge, dissenting:
I respectfully dissent.
As I predicted in Pace v. State, 350 So.2d 1075 (Fla.4th DCA, Case No. 76-2210, Opinion filed June 24, 1977, see also dissent upon denial of rehearing, Opinion filed October 11, 1977), a very insidious, to me, trend was developing. Under Pace, supra, the probationer was required to submit to search, with or without probable cause or even suspicion, by any law enforcement officer at any time.
Now the standard is that the probationer must submit himself or herself to physical or chemical examination at anytime by any law enforcement officer.
I feel it unnecessary to reiterate but reaffirm my convictions stated in Pace, supra.