PER CURIAM.
The single point urged on this appeal from the revocation of appellant’s probation is that the trial judge erred in denying the appellant’s motion for a continuance of the revocation hearing. The appellant pleaded guilty to three counts of breaking and entering and three counts of grand larceny. He was placed on probation for ten years.
A preliminary hearing was held on December 20, 1976, on two new charges against the defendant: (1) carrying a concealed firearm and (2) loitering where narcotics are sold.
An affidavit of violation of probation was filed on December 29, 1976. A hearing on the violations of probation by carrying a weapon was held on March 28, 1977. Defense counsel requested a continuance because he had not deposed all of the police officers prior to the hearing. The court granted a continuance of two days for the defense to present its case but permitted the State, whose witnesses were present, to go forward with the case. On March 30th, defense counsel, after concluding its defense, renewed the request for continuance. The second request was denied. It is this order upon which error is urged.
We hold that a denial of due process does not appear on this record. See State v. Heath, 343 So.2d 13 (Fla.1977); Bernhardt v. State, 288 So.2d 490 (Fla.1974).
Affirmed.