373 So.2d 911 (1979)
Keith F. ISAACS, Petitioner,
v.
STATE of Florida, Respondent.
No. 52851.
Supreme Court of Florida.
July 26, 1979.
Richard L. Jorandby, Public Defender, and Marc R. Goldstein and Craig S. Barnard, Asst. Public Defenders, West Palm Beach, for petitioner.
Jim Smith, Atty. Gen., and Charles A. Stampelos, Asst. Atty. Gen., West Palm Beach, for respondent.
PER CURIAM.
This is a petition for writ of certiorari from the District Court of Appeal, Fourth District, reported at 351 So.2d 359 (Fla. 4th DCA 1977). We issued the writ and have heard argument of the parties. The case was initially consolidated with Pace v. State, 350 So.2d 1075 (Fla. 4th DCA 1977); Sanders v. State, 351 So.2d 361 (Fla. 4th DCA 1977); Keller v. State, 351 So.2d 382 (Fla. 4th DCA 1977); and Hampton v. State, 351 So.2d 1101 (Fla. 4th DCA *912 1977). In part the issue is identical to the certified question answered by this court in Grubbs v. State, 373 So.2d 905 (Fla. 1979). For the reasons expressed in our opinion in Grubbs, the decision of the district court is quashed to the extent it approves the unilateral granting to law enforcement officers of additional authority to conduct warrantless searches of probationers.
The remaining issue concerns the validity of a probation condition allowing chemical tests to determine the systemic presence of controlled substances and the validity of a condition forbidding the probationer to associate with his brother. Both conditions are similar to those previously held to be within the discretionary authority of the trial judge in Heatherly v. State, 343 So.2d 54 (Fla. 4th DCA 1977).
The contention of the petitioner is that the conditions are per se improper. No contention is made that the trial court abused its discretion on the grounds that the conditions are not reasonably related to the offense and the circumstances surrounding the charge. The conditions imposed are within the discretion of the trial court and are not constitutionally prohibited under the circumstances in this case. This case is remanded for further proceedings consistent with this opinion.
It is so ordered.
ENGLAND, C.J., and ADKINS, BOYD, OVERTON and SUNDBERG, JJ., concur.