DAUKSCH, Judge.
James Morrell appeals from orders revoking his probation and sentencing him to prison. He suggests the lower court erred in departing from the guidelines[1] recommended sentence and in failing to advise him of his right to an attorney before taking his plea to charges of probation violation. Only appellant’s second point, which requires reversal, merits discussion.
On November 1, 1982, after appellant pleaded nolo contendere to three counts of distribution of obscene photographs of a minor,[2] the circuit court stayed and withheld imposition of sentence and, instead, placed him on probation for ten years. In January, 1984, appellant’s probation officer filed an affidavit charging appellant with violating conditions of his probation by, in addition to other less serious allegations, committing acts which constitute independent felonies.[3] An initial hearing was held on January 23, 1984.
Appellant appeared at the initial hearing at the Hernando County courthouse without counsel. The hearing was held before a trial judge who presided from the bench. A court reporter and an Assistant State Attorney, appearing on behalf of the state, were also present. After the Assistant State Attorney read the allegations of violation contained in the affidavit of violation of probation, the court inquired whether appellant understood the charges against him. Receiving an affirmative response, the court requested appellant to plead to the charges. Appellant admitted violating his probation, and the court conducted an inquiry into the voluntariness of the plea. The court did not revoke appellant’s probation at this hearing but, pursuant to the prosecutor’s request, appointed the Public Defender to represent appellant “at the sentencing.”
*844 Another hearing was held before the court on April 5, 1984. An attorney appeared on appellant’s behalf at this hearing. The trial court found appellant guilty of violating the terms of his probation on the basis of his uncounseled plea at the initial hearing,[4] revoked his probation, and sentenced him to two consecutive ten year periods of incarceration followed by ten years on probation for the offenses of distributing obscene photographs of a minor.
On appeal, appellant submits the order revoking his probation must be reversed because the court failed to advise him of his right to counsel before requiring him to plea to the charges of probation violation. In State v. Hicks, 10 F.L.W. 292 (Fla. May 23, 1985), our supreme court ruled directly on point. Appellant is entitled to counsel.
The order revoking probation is reversed and the case remanded for appropriate proceedings.
REVERSED and REMANDED.
ORFINGER and COWART, JJ„ concur.

. Fla.R.Crim.P. 3.701.

. § 847.014(2)(b)(2), Fla.Stat. (1981).

. There is nothing in the record before us which indicates that appellant was ever formally charged or tried for the offenses constituting the violations of probation. See State v. Heath, 343 So.2d 13 (Fla.1977), cert. denied, 434 U.S. 893, 98 S.Ct. 269, 54 L.Ed.2d 179 (1977).

. Though he was represented by counsel at the second hearing, appellant did not attempt to withdraw his earlier, uncounseled plea to the allegations of violation. This, however, was not a waiver of counsel at the initial hearing on the merits of the allegations of violation. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938).