Filed 10/28/13  In re S.L. CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| In re S. L., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>S. L.,<br><br>        Defendant and Appellant. | C071840<br><br>(Super. Ct. No. 69170) |

The juvenile court placed the minor, S. L., on probation after finding he came within the jurisdiction of the juvenile court because he committed the following crimes: home invasion robbery; carjacking; willful evasion of police officers; resisting a police officer; and having a concealed firearm in a vehicle.  As a condition of probation, the juvenile court ordered defendant not to associate with his codefendant brother without adult supervision.  The juvenile court also determined the minor's maximum term of confinement was 13 years and eight months.  On appeal, the minor contends the condition of probation relating to his brother is overbroad and the maximum term of

1

confinement must be recalculated under Penal Code section 654. We find the minor forfeited his claim regarding the probation condition and, in any event, the condition imposed by the juvenile court is not overbroad. We agree, however, that the juvenile court erred in calculating the minor's maximum term of confinement. Accordingly, we direct the juvenile court to modify the dispositional order.

BACKGROUND

Juan Camarena and Margarita Ruiz got together, bought some beer, and went back to Margarita's apartment. They were in Margarita's bedroom when someone kicked in the door. An adult male, Margarita's brother Juan Martinez, and three young juveniles robbed Camarena at gunpoint. They demanded Camarena's money, took his wallet, and the keys to his Mustang. After robbing Camarena, the robbers fled in his Mustang. Minutes later, police saw the stolen vehicle and a lengthy pursuit ensued, covering more than 60 miles at speeds of up to 110-115 miles per hour. The car eventually stopped on the freeway, apparently out of gas. Martinez fled the vehicle and was not apprehended. The minor was driving the vehicle and a loaded handgun, similar to the one used in the robbery, was found under the driver's seat. The minor's brother, C. L., and Richard Guerrero were seated in the backseat of the car. The minor and his brother were taken into custody.

The probation officer concluded it was unlikely the boys " 'masterminded' " the offense on their own and determined the minor was at low risk to offend. However, due to the serious nature of the charges, probation recommended 90 days in custody followed by 60 days on electronic monitoring.

A juvenile wardship petition charged the minor with home invasion robbery, carjacking, fleeing a police officer with willful or wanton disregard for the safety of others, resisting a police officer, and having a concealed firearm in a vehicle. As to robbery and carjacking, the petition also alleged the minor was a principal armed with a handgun. After a jurisdictional hearing, the trial court sustained the petition, finding all

2

the counts had been proven beyond a reasonable doubt.  The juvenile court declared the minor a ward of the court, and committed him to 90 days in the Juvenile Justice Center, followed by 60 days on home supervision/house arrest.  The maximum period of confinement was determined to be 13 years and eight months, with credit for 23 days of time served.  Among the terms of probation, the minor was ordered not to associate with his codefendant brother "without adult supervision."

DISCUSSION

I

*Probation Condition*

The minor claims the probation condition that he "not associate with his twin absent responsible adult supervision is unconstitutional because it is overbroad."  We disagree.

Initially, we note much of the minor's complaints go to the claimed conditions of probation that the required adult supervision be by a "responsible" adult and be "direct."  But the juvenile court did not impose those conditions.  At oral pronouncement of judgment, the juvenile court imposed the condition that the minor was not to associate with his brother "without adult supervision."  This language is consistent with the probation report recommendation.  The minute order added the language that the minor could not associate with his brother "unless directly supervised by a responsible adult."  When there is a discrepancy between the minute order and the oral pronouncement of judgment, the oral pronouncement controls.  (*People v. Farell* (2002) 28 Cal.4th 381, 384, fn. 2.)  Accordingly, we will order the minute order corrected to conform with the oral pronouncement of the conditions of probation.

3

The minor did not object to the terms and conditions of probation. He now relies on *In re Sheena K.* (2007) 40 Cal.4th 875 to argue his claim is not forfeited by this failure, as the issue presents a pure question of law. A probation condition is unconstitutionally overbroad if it imposes limitations on the probationer's constitutional rights and it is not closely or narrowly tailored and reasonably related to the compelling state interest in reformation and rehabilitation. (*Id.* at p. 890.) "The essential question in an overbreadth challenge is the closeness of the fit between the legitimate purpose of the restriction and the burden it imposes on the defendant's constitutional rights—bearing in mind, of course, that perfection in such matters is impossible, and that practical necessity will justify some infringement." (*In re E.O.* (2010) 188 Cal.App.4th 1149, 1153.)

In *Sheena K.*, the Supreme Court found where the challenge is to a "facial constitutional defect in the relevant probation condition" and is "capable of correction without reference to the particular sentencing record developed in the trial court," the general rule of forfeiture does not apply. (*In re Sheena K., supra,* 40 Cal.4th at p. 887.) However, *Sheena K.* also made clear, not " 'all constitutional defects in conditions of probation may be raised for the first time on appeal, since there may be circumstances that do not present "pure questions of law that can be resolved without reference to the particular sentencing record developed in the trial court." [Citation.] In those circumstances, "[t]raditional objection and waiver principles encourage development of the record and a proper exercise of discretion in the trial court." [Citation.]' [Citation.] We also emphasize that generally, given a meaningful opportunity, the probationer should object to a perceived facial constitutional flaw at the time a probation condition initially is imposed in order to permit the trial court to consider, and if appropriate in the exercise of its informed judgment, to effect a correction." (*Id.* at p. 889.)

4

The probation condition imposed in this case does not present a pure question of law which can be resolved without reference to the record developed in the trial court. (See, e.g., *In re Pedro Q.* (1989) 209 Cal.App.3d 1368, 1373; *In re Antonio R.* (2000) 78 Cal.App.4th 937, 941-942.) The minor's argument itself demonstrates this point. The minor contends there was no evidence the brothers planned or encouraged each other in this "criminal enterprise." This is a factual determination which requires an evaluation of the record. Accordingly, we find the issue forfeited.

However, even if the issue were not forfeited, we reject it. The minor claims the probation condition improperly impinges on his constitutionally protected interest in associating with his brother and in maintaining their filial relationship. It does not.

"Conditions of probation prohibiting an individual from associating with other persons including spouses and close relatives, who have been involved in criminal activity have generally been upheld when reasonably related to rehabilitation or reducing future criminality. (See *In re Peeler* [(1968)] 266 Cal.App.2d 483 [spouse]; *State v. Donovan* (1977) 116 Ariz. 209, [568 P.2d 1107]; *Isaacs v. State* (Fla.App.1977) 351 So.2d 359 [brother]; *Edwards v. State* (1976) 74 Wis.2d 79, [246 N.W.2d 109]; Annot. (1980) 99 A.L.R.3d 967 [prospective spouse].) " (*People v. Wardlow* (1991) 227 Cal.App.3d 360, 367.) "The right to associate . . . 'may be restricted if reasonably necessary to accomplish the essential needs of the state and public order.' [Citations.]. . . . A limitation on the right to associate which takes the form of a probation condition is permissible if it is '(1) primarily designed to meet the ends of rehabilitation and protection of the public and (2) reasonably related to such ends.' " (*People v. Lopez* (1998) 66 Cal.App.4th 615, 627-628.)

"A juvenile probationer may be . . . subject to 'any and all reasonable conditions' the court 'may determine fitting and proper to the end that justice may be done and the reformation and rehabilitation of the ward enhanced.' In deciding what probation conditions are appropriate, the court shall consider not only the circumstances of the

5

offense but also the minor's entire social history. Such conditions are valid and enforceable unless they bear no reasonable relationship to the underlying offense or prohibit conduct that is neither criminal in nature nor related to future criminality. On appeal, the court's exercise of discretion will not be disturbed absent a manifest abuse of discretion." (*In re Juan G.* (2003) 112 Cal.App.4th 1, 6-7, fns. omitted.)

The probation condition at issue here is reasonably necessary to rehabilitate the minor and protect the public. The minor's brother was a codefendant in his crimes. Together, along with their uncle and another person, the minor and his brother committed a robbery and a carjacking where a principal was armed. They then fled the scene of the robbery in a stolen car and participated in a lengthy and dangerous high-speed police pursuit. Keeping the minor from associating with his codefendant without adult supervision is a condition reasonably related to the minor's rehabilitation and future criminality. The condition is not overbroad. We find no abuse of discretion in the imposition of this condition. (See *People v. Wardlow, supra,* 227 Cal.App.3d at p. 367.)

II

*Maximum Period Of Confinement*

The minor next contends the juvenile court erred in calculating the maximum term of confinement at 13 years and eight months. Specifically, the minor argues since the adjudications for evading police and resisting arrest arose from the same incident with the same intent, the sentence for resisting arrest should have been stayed under Penal Code section 654. The People properly concede this issue. We accept the concession and order the maximum term of confinement be corrected to 13 years and four months.

DISPOSITION

The juvenile court's order must be corrected to reflect a maximum term of confinement of 13 years and four months. In addition, the minute order must be corrected to reflect the orally pronounced terms of probation; specifically, that the minor

shall not associate with his brother without adult supervision.  As modified, the judgment (order of probation) is affirmed.

                                                       ROBIE                , J.

We concur:


       BLEASE              , Acting P. J.


       MAURO              , J.