343 So.2d 599 (1977)
STATE of Florida, Petitioner,
v.
David MANGAM, Respondent.
No. 48676.
Supreme Court of Florida.
February 25, 1977.
*600 Robert L. Shevin, Atty. Gen., and Paul H. Zacks, Asst. Atty. Gen., for petitioner.
Richard L. Jorandby, Public Defender, and James R. Merola and Henry Prettyman, Sp. Asst. Public Defenders, for respondent.
OVERTON, Chief Justice.
This cause is before us on petition for writ of certiorari to review the Fourth District Court of Appeal decision in Mangam v. State, 324 So.2d 672 (Fla. 4th DCA 1975). That decision conflicts with Brill v. State, 159 Fla. 682, 32 So.2d 607 (1947), and Bernhardt v. State, 288 So.2d 490 (Fla. 1974), and we have jurisdiction.[1]
In February, 1972, respondent Mangam plead guilty to conspiracy to commit a felony, breaking and entering. The following May, he was placed on probation for three years. Mangam violated the terms of that probation, admitting he failed to maintain his residence in Riveria Beach and failed to report to his probation supervisor as required.
The Court found him guilty of violating the order of probation, and in lieu of revoking probation extended his probation one year and required him as a further condition of probation to successfully reside at and complete the Pride House program and abide by all the rules and regulations in the program.
On June 13, 1974, respondent was charged with violating his probation by leaving the Pride House. Mangam plead not guilty, but at the revocation hearing chose not to testify on his own behalf when asked by the court to explain his leaving the Pride House program. The probation supervisor testified that the probationer was absent when he went to the Pride House and that the manager advised him the probationer had left the program. The judge said that he considered respondent's silence a factor weighing against him and revoked probation. On appeal, the Fourth District Court of Appeal reversed, ruling that the trial court abridged respondent's Fifth Amendment rights by penalizing him for refusing to testify.
We recently held in State v. Heath, 343 So.2d 13 (filed February 10, 1977), that:
"[A] probationer, upon a specific request and at periodic intervals, may be required to identify himself and provide all necessary information for his supervision including the place of his residence and his employment. He may be required to confirm or deny his location at a particular place at a particular time, to explain his noncriminal conduct, and to permit the search of his person and quarters by the supervisor. Failure to do so may itself be grounds for revocation or probation. His agreement to accept the terms of probation effectively waives his Fifth Amendment privilege with regard to this information. There would be no practical means to properly supervise an individual on probation without a requirement that the probationer respond to directions and requests for information from the probation supervisor... ."
Proper supervision is an essential ingredient of any probation. To adopt the contention of the probationer in this case would make probation supervision a farce. A probationer is allowed to live outside of confinement as a matter of judicial grace. It is clearly proper to require a probationer to maintain a residence, report his movements, report regularly to the supervisor or the court, and to require any other reasonable conditions which will assure rehabilitation of the probationer and protect the public. We hold the revocation of probation was proper. When a probationer refuses to discuss his compliance or non-compliance with the terms of his probation concerning his residence, this is a factor the judge may *601 consider in a revocation hearing. It was not error for the judge to infer from Mangam's silence confirmation of Mangam's failure to maintain his residence at the Pride House and thus the violation of a condition of his probation.
The decision below of the Fourth District Court of Appeal is reversed, and the revocation of probation reinstated.
It is so ordered.
ADKINS, BOYD, ENGLAND and SUNDBERG, JJ., concur.
NOTES
[1] Art. V, § 3(b)(3), Fla. Const.