388 So.2d 15 (1980)
Thomas WATSON, Appellant,
v.
STATE of Florida, Appellee.
No. 79-1858.
District Court of Appeal of Florida, Fourth District.
September 3, 1980.
Rehearing Denied October 8, 1980.
*16 Richard L. Jorandby, Public Defender, and Joseph Atterbury, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Max Rudmann, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Watson, defendant in the trial court, appeals the revocation of his probation. We affirm.
The sole issue on this appeal is whether a probationer may invoke his Fifth Amendment privilege against compulsory self-incrimination to justify his refusal to answer questions at a probation violation hearing regarding non-criminal conduct alleged to constitute the violation of probation. We answer in the negative.
Defendant was charged with violating his probation by moving from an approved residence without the consent of his probation officer. At the probation violation hearing, he was called as a witness by the State and asked how long he had remained at the approved residence, whether he had informed anyone that he was leaving the residence, and where he had resided after leaving the residence. Watson objected to each of these questions citing his Fifth Amendment privilege against compulsory self-incrimination. The court, however, required the defendant to answer. Thus, Watson's own testimony was used to prove the allegation that he violated his probation.
While the fact of probation does not imply a total forfeiture of a probationer's privilege against self-incrimination, it does qualify this right. Grubbs v. State, 373 So.2d 905 (Fla. 1979). Specifically, it has been held that a probationer's Fifth Amendment privilege is not infringed upon by requiring him to provide information necessary for his supervision, including his place of residence, and to explain his non-criminal conduct. State v. Heath, 343 So.2d 13 (Fla.), cert. denied, 434 U.S. 893, 98 S.Ct. 269, 54 L.Ed.2d 179 (1977). Moreover, when a probationer refuses to testify concerning compliance with the terms of probation relevant to residence, the judge may consider this factor in a revocation hearing. State v. Mangam, 343 So.2d 599 (Fla. 1977). In fact, the court may properly infer non-compliance, and thus a violation of the condition of probation, from the probationer's silence. Id.
Accordingly, we find that the trial court acted properly in requiring the defendant to testify. A substantial violation of probation having been established, the order of revocation is
Affirmed.
MOORE, BERANEK and HURLEY, JJ., concur.