489 So.2d 808 (1986)
Samuel HUDSON, Appellant,
v.
STATE of Florida, Appellee.
No. 85-2504.
District Court of Appeal of Florida, Fourth District.
May 28, 1986.
Rehearing Denied June 26, 1986.
*809 Richard L. Jorandby, Public Defender, and Jeffrey L. Anderson, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Sarah B. Mayer, Asst. Atty. Gen., West Palm Beach, for appellee.
DELL, Judge.
Samuel Hudson appeals from an order revoking his probation. The order found that appellant violated three conditions of probation: first, by failing to submit monthly reports; second, by failing to pay supervision costs; and third, by failing to procure the consent of his probation officer before changing addresses.
At the probation hearing the only witness to testify was a probation officer who had no personal knowledge concerning appellant. She based her entire testimony on information contained in the probation department file. Appellant correctly argues that the probation may not be revoked solely on the basis of hearsay. Davis v. State, 474 So.2d 1246 (Fla. 4th DCA 1985); Combs v. State, 351 So.2d 1103 (Fla. 4th DCA 1977). Appellee contends that the probation officer's testimony was properly admitted under the business records exception to the hearsay rule. However, appellee did not introduce the probation records into evidence. Thus the business records exception would not apply. See Cullimore v. Barnett Bank of Jacksonville, 386 So.2d 894 (Fla. 1st DCA 1980).
Nevertheless, we affirm the order revoking appellant's probation on the authority of State v. Mangam, 343 So.2d 599 (Fla. 1977). In Mangam, the Florida Supreme Court held:
It is clearly proper to require a probationer to maintain a residence, report his movements, report regularly to the supervisor or the court, and to require any other reasonable conditions which will assure rehabilitation of the probationer and protect the public. We hold the revocation of probation was proper. When a probationer refuses to discuss his compliance or non-compliance with the terms of his probation concerning his residence, this is a factor the judge may consider in a revocation hearing. It was not error for the judge to infer from Mangam's silence confirmation of Mangam's failure to maintain his residence at the Pride House and thus the violation of a condition of his probation.
343 So.2d at 600-01.
Appellant exercised his right to remain silent, and did not testify in response to the court's questions concerning his compliance or lack of compliance with the conditions of probation. The court may properly infer *810 noncompliance, and thus a violation of the conditions of probation, from his silence. Watson v. State, 388 So.2d 15 (Fla. 4th DCA 1980).
AFFIRMED.
HERSEY, C.J., and ANSTEAD, J., concur.