498 So.2d 553 (1986)
Ken NELSON a/k/a Kevin Lowery, Appellant,
v.
STATE of Florida, Appellee.
No. 4-86-0423.
District Court of Appeal of Florida, Fourth District.
November 26, 1986.
Rehearing and Certification Denied December 31, 1986.
*554 Richard L. Jorandby, Public Defender, and Jeffrey L. Anderson, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Joy B. Shearer, Asst. Atty. Gen., West Palm Beach, for appellee.
STONE, Judge.
Appellant was charged with violating his probation in two separate cases assigned to different judges in the same circuit. The sentencing and judgment were completed in the first case prior to the probation violation final hearing under review. We find no error in the court's use of a separate guidelines "scoresheet" in this later case, and in the sentencing of the defendant independent of, and consecutive to, his sentence in the earlier case.
Rule 3.701(d)(1) of the Florida Rules of Criminal Procedure provides:
1. One guideline scoresheet shall be prepared for each defendant covering all offenses pending before the court for sentencing.

In Gallagher v. State, 476 So.2d 754 (Fla. 5th DCA 1985), the trial judge had refused to consolidate three cases for sentencing after guilty pleas had been entered in all three and the Fifth District Court of Appeal reversed. However, the defendant had earlier moved for consolidation after entry of one guilty plea, but before entry of the two remaining pleas. Stating that the trial court correctly denied this earlier motion, the court in Gallagher commented:
[N]either a guilty (or nolo contendere) plea nor a conviction had been obtained in the other cases and therefore they were not pending before any court for sentencing.
476 So.2d at 755.
A defendant is entitled to the benefits of a uniform scoresheet and contemporaneous concurrent sentencing only for those of his cases actually pending before a judge in that circuit for sentencing. The fact that another case is pending in which the defendant has entered a not guilty plea or denial, and is awaiting trial, or a final hearing, is insufficient to constitute another offense pending for sentencing.
In addition, we find no error with respect to appellant's contentions that the trial court erred in considering the defendant's silence in the face of his invocation of a Fifth Amendment privilege. See State v. Mangam, 343 So.2d 599 (Fla. 1977); Hudson v. State, 489 So.2d 808 (Fla. 4th DCA 1986); Watson v. State, 388 So.2d 15 (Fla. 4th DCA 1980).
AFFIRMED.
GLICKSTEIN and DELL, JJ., concur.