PER CURIAM.
We affirm the revocation of community control but remand appellant’s sentence for correction.
Appellant’s community control supervisor testified that he unsuccessfully tried to reach appellant by telephone on three (3) occasions when appellant was required to be at his residence. In addition, the supervisor testified that appellant refused to cooperate when the supervisor asked for an explanation of these apparent absences and violations of the terms of appellant’s community control order. On this evidence the trial court found that appellant had violated the terms of community control.
In State v. Mangam, 343 So.2d 599, 600-01 (Fla.1977), the Florida Supreme Court upheld a probation revocation based on similar evidence:
When a probationer refuses to discuss his compliance or non-compliance with the terms of his probation concerning his residence, this is a factor the judge may consider in a revocation hearing. It was not error for the judge to infer from Mangam’s silence confirmation of Man-gam’s failure to maintain his residence at the Pride House and thus the violation of a condition of his probation.
We affirm the revocation of community control on the authority of Mangam. See also Hudson v. State, 489 So.2d 808 (Fla. *41 4th DCA 1986); Watson v. State, 388 So.2d 15 (Fla. 4th DCA 1980).
As to sentencing we remand for the sole purpose of correcting the revocation order to reflect violations only for Counts I, III and IV as stated by the court at the end of the revocation order. The findings of violations for Counts II and V should be stricken.
ANSTEAD, WARNER and FARMER, JJ., concur.