PER CURIAM.
The trial court found appellant, Brian Smith, to be in violation of his probation for changing his residence without the consent of his probation officer and attempted burglary. The only evidence of a change of residence was the probation officer’s testimony that Smith’s grandmother had said that Smith moved in with his girlfriend. Although hearsay is admissible in revocation proceedings, a court cannot revoke probation based solely on a hearsay statement by a family member to a probation officer that the probationer does not live at a certain address. Brown v. State, 659 So.2d 1260, 1261-62 (Fla. 4th DCA 1995). There was no other evidence on this portion of the charge. Compare Dunham v. State, 683 So.2d 507 (Fla. 4th DCA 1996), aff'd, 686 So.2d 1356, 22 Fla. L. Weekly S49 (Fla. Jan. 23, 1997). We therefore reverse the finding of a violation of probation on that ground.
As to the other violation, we find no abuse of discretion. See Bernhardt v. State, 288 So.2d 490, 501 (Fla.1974). Because we cannot tell from this record whether the court would have revoked probation or whether Smith’s sentence would have been the same had the court found only one violation, we remand the case to the trial court.. Brown, 659 So.2d at 1262. On remand, if the court determines that revocation is still appropriate, it must enter a written order of revocation. E.g., Horne v. State, 675 So.2d 247 (Fla. 4th DCA 1996).
FARMER, STEVENSON and GROSS, JJ., concur.