778 So.2d 1072 (2001)
Martin Quentin PERRY, Appellant,
v.
STATE of Florida, Appellee.
No. 5D00-1984.
District Court of Appeal of Florida, Fifth District.
March 2, 2001.
*1073 James B. Gibson, Public Defender, and Marvin F. Clegg, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Wesley Heidt, Assistant Attorney General, Daytona Beach, for Appellee.
SHARP, W., J.
This is an expedited appeal from a sentence following revocation of probation. Perry argues he was denied effective assistance of counsel at his probation hearing because his defense attorney did not object when the state called Perry as a witness, and examined him regarding the alleged violations of his probation and because the revocation was based on "hearsay." We affirm.
In this case, Perry testified on his own behalf, as well as a witness called by the state. Thus, his testimony concerning the violations is not hearsay, but direct evidence. Nor do we think Perry's Fifth Amendment rights against self-incrimination were involved in this proceeding.
A probationer may not refuse to answer a question, just because the answer would disclose a probation violation. His or her agreement to accept the terms of probation effectively waives a Fifth Amendment privilege with regard to this information. That privilege is applicable to conduct and circumstances concerning a separate criminal offense. See Minnesota v. Murphy, 465 U.S. 420, 104 S.Ct. 1136, 1147, n. 7, 79 L.Ed.2d 409 (1984); State v. Heath, 343 So.2d 13 (Fla.), cert. denied, 434 U.S. 893, 98 S.Ct. 269, 54 L.Ed.2d 179 (1977); Cassamassima v. State, 657 So.2d 906 (Fla. 5th DCA 1995); Dearing v. State, 388 So.2d 296 (Fla. 3d DCA 1980), rev. denied, 399 So.2d 1141 (Fla.1981); Watson v. State, 388 So.2d 15 (Fla. 4th DCA 1980).
In this case, the questions posed by the state attorney related to non-criminal conditions of Perry's probation and not separate offenses. Thus even if defense counsel had objected to the state calling Perry as a witness, his objection would have been overruled. See Dearing (trial court properly required probationer to testify at revocation hearing that he had pled guilty to a federal offense committed while he was on probation); Watson (trial court acted properly in requiring probationer to *1074 testify to questions posed by the state at revocation hearing).[1]
AFFIRMED.
PETERSON and ORFINGER, JJ., concur.
NOTES
[1] Landeverde v. State, 769 So.2d 457 (Fla. 4th DCA 2000), cited by Perry, does not involve requiring a probationer to testify about noncriminal violations of probation. Rather, that case involved an attempt by the defendant to force his co-defendant to testify over his Fifth Amendment objection. The co-defendant faced the possibility of enhanced sentencing if his trial testimony showed that he had a greater participation in the crimes or a more extensive criminal history than provided at his plea and sentencing hearing.