HARRIS, J.
The issue in this case is whether section 843.02, Florida Statutes, which requires that one not “resist, obstruct, or oppose any officer ... in the lawful execution of any legal duty” also requires one to cooperate with the officer by answering questions. It appears that the law of this state is that it does not.
The officer arrived at the scene to investigate a reported fight which had ended. Appellant was found at the scene yelling and waiving her arms. The officer approached her and she walked away. He ordered her to stop and she responded with a vulgarity. He arrested her for resisting without violence.
The officer admitted that he had no reason to believe that appellant was or had been engaged in criminal conduct. This was not a Terry stop. It seems clear that one can walk away from a citizen encounter. See R.S. v. State, 531 So.2d 1026 (Fla. 1st DCA 1988); H.H. v. State, 26 Fla. L. Weekly D5 (Fla. 4th DCA 2000); S.G.K. v. State, 657 So.2d 1246 (Fla. 1st DCA 1995). The trial court’s observation that “from his testimony I find that he [the officer] felt that the Defendant could be stirring up the crowd” is contrary to the officer’s sworn testimony that he had no reasonable suspicion that appellant had committed a crime. A judgment of acquittal should have been entered.
REVERSED.
THOMPSON, C.J., and SAWAYA, J., concur.