788 So.2d 1131 (2001)
John SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-620.
District Court of Appeal of Florida, Second District.
July 11, 2001.
*1132 James Marion Moorman, Public Defender, and Robert D. Rosen, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Sonya Roebuck Horbelt, Assistant Attorney General, Tampa, for Appellee.
STRINGER, Judge.
John Smith challenges an order revoking his community control. Because the State failed to present sufficient evidence to support the revocation order, we reverse.
In revocation proceedings, the State has the burden of proving a willful and substantial violation of the conditions of supervision by a preponderance of the evidence. Gammon v. State, 778 So.2d 390, 392 (Fla. 2d DCA 2001). Although hearsay evidence is admissible in revocation proceedings, it may not serve as the sole basis for revocation. Id. at 391.
At the revocation hearing in the present case, Field Officer J. Dyer testified that she visited Smith's place of employment, the Gold Rush Club, at approximately 6:30 p.m. on September 28, 1999. Smith is a bathroom attendant at the club and is responsible for picking up and delivering his own supplies, which he unloads at the back of the building. When Ms. Dyer arrived at the club, she surveyed the parking lot for Smith's car but was unable to locate it. Ms. Dyer entered the establishment where she met a female, "a Melissa or Missy," and asked if Smith was present. The female told Ms. Dyer that Smith was not there. Ms. Dyer did not ask to see a manager or supervisor in order to confirm Smith's absence. Although she was aware that Smith's post was at the men's room, she did not look for him there.
Ms. Dyer checked the lot for Smith's car once more before leaving the club and then proceeded to Smith's residence. Smith was not at home, and his roommate did not know where he was. Ms. Dyer testified that she had made contact with Smith on one other occasion, at which time Smith pointed out his car and said, "Wherever this car is, I am [t]here." Smith maintains that he was at work on September 28, 1999, and at the revocation hearing, he presented the testimony of a former supervisor to confirm his attendance.
Although Smith told Ms. Dyer that she could always find him by locating his car, and Ms. Dyer did not see Smith's car in the parking lot, this was insufficient to prove that Smith was not at work. The record indicates that Smith's duties as men's room attendant at the Gold Rush Club required him to pick up and stock his own supplies. Therefore, at the time of Ms. Dyer's visit, Smith may have been off the premises picking up supplies or unloading them at the back of the building. Additionally, the statement of the unidentified woman (Melissa or Missy), who did not testify at the hearing and who may or may not have been employed at the club, was also insufficient to prove that Smith was not at work on the day in question. Because the State failed to establish the alleged violation by a preponderance of the evidence, the revocation order is reversed.
Reversed.
ALTENBERND, A.C.J., and SALCINES, J., Concur.