813 So.2d 202 (2002)
Tamika BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-285.
District Court of Appeal of Florida, Second District.
April 3, 2002.
*203 James Marion Moorman, Public Defender, and Robert D. Rosen, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Ann S. Weiner, Assistant Attorney General, Tampa, for Appellee.
STRINGER, Judge.
We reverse the order revoking Tamika Brown's community control because the State failed to prove willful and substantial violations of community control conditions twelve and twenty-seven. The trial court found that Brown had violated community control condition twelve by being away from her approved residence and condition twenty-seven by failing to complete community service hours.
After being advised by Ms. Natalie Harris that Brown was "coming to her house and harassing her, as well as her family, at all hours of the night," the corrections officer who supervised Brown arranged to visit her residence at 2 a.m. on October 7, 2000. The officer was accompanied by a Hillsborough County deputy. Upon arriving at Brown's home, the officer knocked on the door, but no one answered. She then knocked using her flashlight, and again, no one answered. There were no lights on, but they both could hear a television playing inside the house. They left after waiting at the door for three to four minutes.
Four days later, Brown reported to the Department of Probation and Corrections for her weekly visit. At that time, she was taken into custody for, among other things, failing to be at her approved residence for the 2 a.m. visit.
At the violation hearing, Brown and her parents testified that the entire family, including Brown, was at home sleeping at 2 a.m. on October 7, 2000. Brown's father testified that the knocking was probably drowned out by the noise of the television and an air conditioning unit. Other than testimony from the officer and deputy establishing that no one answered the door, the State produced no evidence to prove that Brown was not at home.
The affidavit of community control violation also alleged that Brown had violated community control condition twenty-seven by failing to complete required community service hours. Brown had been instructed to complete ten hours of community service each month. She was assigned to complete service hours at Keeney United Methodist Church but asked to be reassigned because there was insufficient staff at the church to direct her. The officer admitted that even she had difficulty communicating with church staff. Consequently, on September 27, 2000, she reassigned Brown to Winston Park Boys and Girls Club. Brown reported for service there but was told that the club did not accept volunteers with felony records.
This court reviews orders revoking probation and community control for an abuse of discretion. Williams v. State, 764 So.2d 757 (Fla. 2d DCA 2000). In *204 revocation proceedings, the State has the burden of proving willful and substantial violations of conditions of supervision by a preponderance of evidence. Smith v. State, 788 So.2d 1131, 1132 (Fla. 2d DCA 2001). As to the alleged violation of condition twelve, the State produced no evidence to prove that Brown was not at home for the officer's 2 a.m. visit. Establishing that no one answered the door at that unreasonable hour of the morning was insufficient to prove a violation of community control condition twelve.
There was also a complete failure of proof as to the alleged violation of condition twenty-seven. Brown was issued a community service log for the Winston Park Boys and Girls Club on September 27, 2000. Brown's inability to complete service hours there was not a willful violation of condition twenty seventhe club refused her as a volunteer. The community control affidavit alleging failure to complete community service hours was filed only eight days after Brown was assigned to the boys and girls club; therefore, Brown had little opportunity to complete service hours in October after being reassigned to the club. The State argues that Brown also failed to complete community service hours in August and September. However, the officer admitted that she transferred Brown's service location because she and Brown had difficulty communicating with the staff at Keeney United Methodist Church, where Brown had been previously assigned. Brown's inability to complete service hours at both locations was attributable to administrative impediments. Under these circumstances, we find that the trial court abused its discretion in finding a willful violation of condition twenty-seven and in revoking Brown's community control for the alleged failure to complete community service hours.
In light of the foregoing, the revocation order is reversed.
Reversed.
ALTENBERND, J., and THREADGILL, EDWARD F., Senior Judge, concur.