KELLY, Judge.
W.B.S. appeals from an order adjudicating him guilty of felony battery and revoking his community control. We agree with W.B.S.’s argument that the trial court’s granting of his motion for a judgment of dismissal barred later reconsideration of the felony battery charge. We reverse the adjudication of guilt as to that charge; however, we affirm the revocation of W.B.S.’s community control.
The State filed a petition alleging that W.B.S. had committed a delinquent act, felony battery, a third-degree felony, contrary to section 784.041, Florida Statutes (2000). Following the testimony at W.B.S.’s bench trial, the trial court granted defense counsel’s motion for a judgment of dismissal, finding that the State had failed to establish a prima facie case of felony battery. The case was bifurcated as to W.B.S.’s violation of community control.
Several weeks later, when the case was reconvened, W.B.S. was represented by a different lawyer. For reasons which are not apparent from the record, the trial court again heard argument relating to the *804 felony battery charge. The court then found W.B.S. guilty of felony battery, adjudicated W.B.S. a delinquent child, and found him in wilful and substantial violation of his community control. The defense did not object to the court’s ruling on grounds that the charge had previously been dismissed.
In a nonjury trial, jeopardy attaches when the court begins to hear evidence. R.A.C. v. State, 736 So.2d 718 (Fla. 2d DCA 1999). Here, after the court heard all the evidence, it dismissed the felony battery charge without reserving any issue for later consideration. Jeopardy had already attached when the court dismissed the charge, and therefore, retraction of the dismissal violated W.B.S.’s double jeopardy rights. See Caldwell v. State, 803 So.2d 839 (Fla. 2d DCA 2001).
However, as the State argues, W.B.S. could still be found in violation of community control based on the facts establishing the felony battery. See Louis v. State, 797 So.2d 1281 (Fla. 4th DCA 2001). A violation of community control needs to be proven only by a preponderance of the evidence, rather than beyond a reasonable doubt. Smith v. State, 788 So.2d 1131 (Fla. 2d DCA 2001). Here, the State showed by a preponderance of the evidence that W.B.S. and two other boys attacked, beat, and kicked another boy. This evidence supported the finding that W.B.S. violated his community control due to a new law violation. Accordingly, we reverse the adjudication of guilt for felony battery and affirm the order finding W.B.S. in violation of community control.
Affirmed in part; reversed in part.
SALCINES and COVINGTON, JJ„ Concur.