MAY, J.
A juvenile appeals his adjudication of delinquency and commitment to a low-risk residential program for violation of probation. He argues the court erred in asking him questions during the hearing, and in relying solely upon hearsay to find him in violation. We find no error and affirm.
The State filed a petition for violation of probation, alleging the juvenile failed to attend the Florida Ocean Sciences Institute (FOSI), a special condition of his probation. Specifically, it alleged the juvenile failed to attend scheduled enrollment meetings at the school, and once enrolled, failed to return for scheduled classes.
Over a hearsay objection, the probation officer testified the juvenile was advised of the responsibilities, rules and regulations of his probation, but failed to attend any sessions at FOSI after the day he enrolled.
The juvenile’s mother testified she was present when her son was advised of the requirements and conditions of probation. She corroborated that her son failed to respond to the first two enrollment appointments, but excused his absence because she did not have transportation on *195 one occasion, and left him home while she visited her mother in the hospital on the second occasion. She was unaware if her son attended FOSI after those appointments. Both she and her son signed FOSI’s attendance policy.
The last State witness was the juvenile. He acknowledged the terms of his probation and his failure to attend the first two scheduled enrollment’ appointments at FOSI. He also testified, over defense counsel’s objection, he never went back after he enrolled. The court remarked:
All right, let the record reflect that he’s shaking his head yes and no. So as to the question of did he go back to FOSI he said no. As to the question of whether or not he knew he had to go back to FOSI he shook his head yes.
At the conclusion of the hearing, the court advised the juvenile:
[t]he basis of the allegation of the violation of probation was that you failed to attend FOSI. By your own admission you indicated that you failed to attend FOSI. So I’m going to find you guilty of the violation of probation based upon the testimony presented by your mother indicating that she had gone to the school that day and you weren’t there; your probation officer indicating that he had talked to the school and you didn’t go; and your testimony indicating that you didn’t go also....
The court then revoked the juvenile’s probation and committed him to the Department of Juvenile Justice.
“To establish a violation of probation, the prosecution must prove by a preponderance of the evidence that a probationer willfully violated a substantial condition of probation.” Van Wagner v. State, 677 So.2d 314, 316 (Fla. 1st DCA 1996); see also W.B.S. v. State, 851 So.2d 802 (Fla. 2d DCA 2003); Jones v. State, 730 So.2d 349 (Fla. 4th DCA 1999). We review a court’s determination to revoke probation for an abuse of discretion. See Brown v. State, 455 So.2d 635, 636 (Fla. 5th DCA 1984).
The issue raised is whether the trial court properly accepted the juvenile’s admission to the violation of probation over his counsel’s objection based upon the juvenile’s fifth amendment right against self-incrimination. The State responds that a probationer, who accepts the terms of his probation agreement, waives his fifth amendment privilege regarding the terms of the probation.
Generally, the Fifth Amendment of the United States Constitution protects a defendant from being compelled to testify. However,
[a] probationer may not refuse to answer a question, just because the answer would disclose a probation violation. His or her agreement to accept the terms of probation effectively waives a Fifth Amendment privilege with regard to this information. , That privilege is applicable to conduct and circumstances concerning a separate criminal offense.
Perry v. State, 778 So.2d 1072, 1073 (Fla. 5th DCA 2001) (citing Minnesota v. Murphy, 465 U.S. 420, 104 S.Ct. 1136, 79 L.Ed.2d 409 (1984) State v. Heath, 343 So.2d 13 (Fla.1977); Cassamassima v. State, 657 So.2d 906 (Fla. 5th DCA 1995); Dearing v. State, 388 So.2d 296 (Fla. 3d DCA 1980); Watson v. State, 388 So.2d 15 (Fla. 4th DCA 1980)). The trial court properly overruled defense counsel’s fifth amendment objection because the questions asked were related to the conditions of his probation. See id.; see also Watson, 388 So.2d at 16 (“while the fact of probation does not imply a total forfeiture of a probationer’s privilege against self-incrimination, it does qualify this right.”) (citation omitted).
*196 The defendant also raises the court’s reliance on hearsay to find him guilty of the violation of probation. While probation cannot be revoked solely on hearsay evidence, the juvenile’s admission was direct evidence from which the court could properly find him in violation. Thomas v. State, 711 So.2d 96, 97 (Fla. 4th DCA 1998); see also Snell v. State, 658 So.2d 1165, 1166 (Fla. 2d DCA 1995).
Because there was competent evidence proving the juvenile willfully violated a substantial condition of his probation, the trial court did not err in revoking his probation and committing him to the Department of Juvenile Justice. We affirm.
KLEIN and GROSS, JJ„ concur.