901 So.2d 391 (2005)
Joseph Henry VANSTRATEN, Appellant,
v.
STATE of Florida, Appellee.
No. 1D04-2644.
District Court of Appeal of Florida, First District.
May 12, 2005.
Nancy A. Daniels, Public Defender; and David P. Gauldin, Assistant Public Defender, Tallahassee, for Appellant.
Charlie Crist, Attorney General; and Daniel A. David, Assistant Attorney General, Tallahassee, for Appellee.
BROWNING, J.
Joseph Henry Vanstraten appeals the trial court's finding that he violated a condition of community control, and its final order revoking his community control/probation and sentencing him to 32.1 months' incarceration. We affirm the revocation ruling and the sentence, but remand with instructions to the trial court to amend the written revocation order to conform to the court's earlier oral pronouncements. See Brannon v. State, 874 So.2d 691 (Fla. 4th DCA 2004).
Vanstraten was adjudicated guilty and placed on one year of community control, to be followed by two years' probation, on June 24, 2003. During the period of community control, an affidavit alleged that Vanstraten had violated the conditions *392 thereof in several material respects, one of which is pertinent to this appeal. Condition (8) states:
You will promptly and truthfully answer all inquiries directed to you by the Court or the Probation Officer, and allow the Officer to visit in your home, at your employment site or elsewhere, and you will comply with all instructions he may give you.
The affidavit alleged that Vanstraten had violated this condition "by failing to promptly and truthfully answer all inquiries directed to [him] by the probation officer." Specifically, Officer Lynn Allen was alleged to have stated that on March 25, 2004, Vanstraten "did answer untruthfully an inquiry by the probation officer as to owning a cell phone that was confiscated from him by the Keeton staff" on March 24, 2004.
At the revocation hearing, Officer Allen testified that she supervised community control/probation cases at the Keeton Center, in which treatment program Vanstraten was enrolled during the time period in question. The witness testified that she had explained the conditions of community control to Vanstraten, including the obligation to answer truthfully any questions. Cell phones and related equipment were considered contraband for clients in the Keeton program. On February 13, 2004, Officer Allen discovered a cell phone charger in Vanstraten's jacket pocket. On March 29, 2004, Vanstraten admitted that the charger belonged to him. The officer testified that on March 24, 2004, a male Keeton monitor had discovered Vanstraten in the men's bathroom with a cell phone in his hand. The officer testified that initially, Vanstraten had told her that the cell phone did not belong to him, but on March 29, 2004, Vanstraten called her on the telephone and "admitted ... that it did." Officer Allen testified that Vanstraten also "admitted it in the center director's office," in the officer's presence, on March 29. Given the numerous disciplinary reports that Vanstraten received during his residency in the Keeton program, the officer described the cell phone incident as the proverbial "straw that broke the camel's back," and Vanstraten was discharged from the treatment program without completing it.
On cross-examination, Officer Allen testified that she never established the ownership of the cell phone. Officer Allen testified that Vanstraten had admitted having the cell phone in his possession (although the officer herself never saw it) and said it was his, so she assumed it was so. Vanstraten told Officer Allen that he had disposed of the cell phone when he left for a doctor's appointment on March 29, 2004. Officer Allen reiterated on cross-examination that after initially denying it, Vanstraten admitted to her in person that the cell phone was his.
On redirect examination, Officer Allen testified that when the charger was found on his person, Vanstraten had been informed that the item was contraband at Keeton. The next month, Vanstraten was discovered holding an active cell phone.
Vanstraten testified that the cell phone was not his, and that, in fact, he had just discovered it in the men's bathroom and was planning to turn it in when the monitor walked in and observed Vanstraten holding it. Vanstraten testified that the cell phone was taken away and never returned to him. Vanstraten testified that when Officer Allen asked him about the cell phone, he told her that he had found it but did not know whose it was. Vanstraten denied having a subsequent conversation with Officer Allen in which he admitted lying and said the cell phone was his. Vanstraten admitted having the charger in *393 his pocket and knowing it was a violation of the Keeton rules.
At the conclusion of the hearing, the trial court orally announced that Vanstraten had violated the terms of his community control, specifically, by lying to his supervising officer on several occasions, including lying "with regard to ownership of the cell phone." The court noted that the admission that Vanstraten had the charger indicated that he had access to a cell phone. The court also found that Vanstraten had lied to his supervising officer regarding other matters relating to his intended residential plan upon leaving the Keeton program, matters that, if true, would violate the Condition (8) proscription against answering supervisors' questions untruthfully. Additionally, the court orally summarized the numerous disciplinary infractions committed by Vanstraten while in residency at Keeton, violations that relate to the requirement in Condition (14) that he "successfully complete substance abuse evaluation and treatment, as directed." In closing, the court remarked: "Contrary to what [Vanstraten] says, I believe that he in fact either had the legal possession or the possession of that cell phone or was the owner of it as he admitted to Community Control Officer Allen. For that reason his community control is terminated."
Although "that reason" for revoking community control evidently is the act of lying to Officer Allen about his ownership of the cell phone, the written revocation order (signed by a different judge) listed not only Condition (8), but also two other conditions, "as stated in the affidavit," as the grounds for revocation. "The testimony of a single witness, even if uncorroborated and contradicted ... is sufficient to sustain a conviction," or to support revocation of community control or probation. See I.R. v. State, 385 So.2d 686, 688 (Fla. 3d DCA 1980). To the extent that the testimonial evidence conflicts, it is a trial court's duty to assess the credibility of witnesses and to determine which testimony warrants belief. See id. at 687-88. The trial court exercised its duty in accepting Officer Allen's testimony over Vanstraten's on the disputed issue of whether Vanstraten initially lied to the officer and then admitted that the cell phone was his. We hold that the State proved by a preponderance of the evidence that Vanstraten substantially, willfully violated Condition (8) of his community control/probation by lying to his supervising officer regarding ownership of the cell phone. Because the trial court's oral pronouncement cited this specific violation of Condition (8) as the ground for revocation, we AFFIRM the revocation order and REMAND with instructions to the trial court to amend the written revocation order by striking the other two conditions.
WOLF, C.J.; and VAN NORTWICK, J., concur.