941 So.2d 1252 (2006)
Kevin A. HURST, Appellant,
v.
STATE of Florida, Appellee.
No. 1D06-1230.
District Court of Appeal of Florida, First District.
November 17, 2006.
Nancy A. Daniels, Public Defender, and David P. Gauldin, Assistant Public Defender, Tallahassee, for Appellant.
Charlie Crist, Attorney General, and Felicia A. Wilcox, Assistant Attorney General, Office of the Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant Kevin Hurst brings this appeal from a judgment and sentence finding him in violation of his sex offender probation for failure to meet a court-imposed curfew. Because we find that the trial court did not abuse its discretion in entering the order of violation, we affirm the trial court's order below.
Appellant was initially convicted, on November 7, 2001, with one count of lewd and lascivious molestation. He was sentenced to 333 days imprisonment, with credit for 333 days served, followed by 15 years sex offender probation. One condition of the probation was a court-imposed curfew, such that appellant was required to be at his permanent residence at all times between the hours of 10:00 p.m. and 6:00 a.m. Appellant was subsequently released on November 8, 2001.
On November 4, 2005, the Florida Department of Corrections filed a Violation *1253 Report, with attached affidavit, alleging that appellant had violated the terms of his probation by missing curfew. The report alleged that appellant's probation officer had visited appellant's trailer on October 31, 2005, at 11:48 p.m, and was unable to confirm that appellant was at home. The report noted that the officer repeatedly knocked on the appellant's door, and pounded on the side of the trailer where she knew appellant's bedroom to be, but appellant never responded. Appellant argues that he was at home when Officer Whitten visited, but that he had the flu and had taken a double dose of cold medicine. At a violation of probation hearing, held January 5, 2006, the trial court noted after hearing the evidence, "I don't believe [appellant] was in the residence." Accordingly, the court entered an order finding appellant in violation of his probation and sentenced him to ten years imprisonment, with credit for six years and twenty-four days served, followed by five years probation. Appellant appeals from this order.
Appellant argues on appeal that the trial court erred in finding him in violation of his probation because the state failed to prove that appellant committed a willful and substantial violation. We note that it is, by now, well settled that "[a] trial court is vested with broad discretion in determining whether a probationer has violated a condition of the probation." See Burgin v. State, 623 So.2d 575, 576 (Fla. 1st DCA 1993). Accordingly, the appropriate standard of review for judgments finding probation violations is whether the trial court abused its discretion in finding the violation. See State v. Carter, 835 So.2d 259, 262 (Fla. 2002); see also Bell v. State, 643 So.2d 674, 675 (Fla. 1st DCA 1994).
Appellant relies upon the Second District's opinion in Brown v. State, 813 So.2d 202 (Fla. 2d DCA 2002), as support for the proposition that, in proving a willful violation of probation, the State must allege something more than the mere fact that a probationer did not answer the door. In that case, the court did note that "[e]stablishing that no one answered the door at that unreasonable hour of the morning [2:00 a.m.] was insufficient to prove a violation." Id. at 204. Nonetheless, that case is factually distinguishable from the one at hand. In Brown, while the State had little more than the fact that the probationer did not come to the door at 2:00 a.m., the probationer produced several family members, as witnesses, who testified Brown had been at home and asleep on the night in question. Id. at 203. Thus, the State's evidence was insufficient to demonstrate a willful violation of probation.
In the instant case, the only evidence before the trial court was the opposing testimony from two witnesses. The probation officer testified that she knocked loudly and repeatedly and, indeed, that she woke appellant's neighbors, but that appellant never responded. Conversely, appellant testified that he was at home and asleep. Essentially, this case presents a credibility dispute between witnesses. The trial court apparently resolved that dispute; the court noted at the conclusion of the evidence, "I don't believe [appellant] was in the residence." An appellate court must defer to the lower court's findings with respect to witness credibility. See Vanstraten v. State, 901 So.2d 391, 393 (Fla. 1st DCA 2005) ("To the extent that the testimonial evidence conflicts, it is a trial court's duty to assess the credibility of witnesses and to determine which testimony warrants belief"); see also Porter v. State, 788 So.2d 917, 923 (Fla.2001) ("We recognize and honor the trial court's superior vantage point in assessing the credibility of witnesses"). Because the trial court was within its discretion to believe Officer's *1254 Whitten's testimony over that of appellant, this court should refrain from reweighing the evidence now.
AFFIRMED.
BARFIELD AND POLSTON, JJ., CONCUR; ERVIN, J., DISSENTS WITH OPINION.
Ervin, J., dissenting.
Although clearly our review standard of an order revoking probation, as recognized by the majority, is that of abuse of discretion, other standards, which the majority implicitly alludes to by its references to Porter v. State, 788 So.2d 917, 923 (Fla.2001), and Vanstraten v. State, 901 So.2d 391, 393 (Fla. 1st DCA 2005), are also implicated, notably that of competent, substantial evidence. My departure from the majority's decision is based on the fact that I am unable to discern any meaningful distinction between the facts in Brown v. State, 813 So.2d 202 (Fla. 2d DCA 2002), and those at bar. I am well aware that in Brown, unlike the present case, other witnesses corroborated the probationer's testimony relating that she was inside the dwelling asleep at the time of the probation officer's visit; nevertheless, Brown's holding that the trial court abused its discretion in violating the appellant's probation did not turn, in my judgment, on any conclusion that the testimony of appellant and her parents was more credible than that of the probation officer, which would have been an impermissible reweighing of the evidence, but rather on the lack of any reasonable inference, based solely on the evidence presented by the state, to support the conclusion that appellant had violated the curfew condition of her probation.
In observing that the state had failed in its burden of proving a willful and substantial violation of the condition by a preponderance of the evidence, the Second District made the following pertinent comments:
As to the alleged violation of condition twelve, the State produced no evidence to prove that Brown was not at home for the officer's 2 a.m. visit. Establishing that no one answered the door at that unreasonable hour of the morning was insufficient to prove a violation of community control condition twelve.
Id. at 204.
Thus, because the state produced no direct evidence that appellant was not inside the residence at the time of the officer's visit, it is clear that the state's case for revocation depended entirely on the strength of the inference that appellant was not at home because he had failed to answer the officer's knock. Obviously, the court determined that the inference by itself was not sufficient to support the revocation order. Unarticulated by the court, but reasonably implied in its decision, is that in concluding the trial court abused its discretion by ordering revocation, the Second District must also have decided that the order failed to comply with the Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla. 1980), test of reasonableness, which states:
If reasonable men could differ as to the propriety of the action taken by the trial court, then the action is not unreasonable and there can be no finding of an abuse of discretion. The discretionary ruling of the trial judge should be disturbed only when his decision fails to satisfy this test of reasonableness.
The import of the Brown decision is that reasonable persons simply could not differ as to the appropriateness of the action taken; therefore, the action was considered unreasonable. In applying the Canakaris rule in particular to a revocation order, the supreme court instructs that an "appellate court must determine whether or not the trial court acted in an arbitrary, *1255 fanciful or unreasonable manner in determining that [the probationer's] violation was both willful and substantial." State v. Carter, 835 So.2d 259, 262 (Fla.2002). In my judgment, the state in the present case, as in Brown, failed in its burden of proving a willful and substantial violation. Its evidence rested on facts showing the officer's repeated knocking on the door at 11:48 a.m.; that no one answered the door; and that appellant testified he was inside the residence and in a deep sleep because he had taken a double dose of cold medicine. If the holding in Brown is to be honored, we are required to conclude that even if the trier of fact could correctly refuse to accept the appellant's testimony as credible, the inference the state relied upon and the trial court accepted as proof of the violation was so insubstantial that reasonable persons would be unable to differ as to the propriety of the action taken.