LAWSON, J.
 

 Bill Matthew Figueroa-Montalvo was convicted following a jury trial of burglary of a conveyance with an assault or battery,
 
 [1]
 
 which was reclassified to a life felony pursuant to section 775.087(1), Florida Statutes (2007), based upon the jury’s finding that Figueroa-Montalvo used a firearm to commit the felony. The jury also found that Figueroa-Montalvo actually possessed a firearm during the commission of the offense, which requires imposition of a minimum mandatory sentence pursuant to section 775.087(2)(a)l., Florida Statutes (2007). That subsection requires imposition of a ten-year minimum mandatory sentence for some enumerated offenses, and a three-year minimum mandatory sentence for others. The only issue on appeal is which minimum mandatory term applies to the charge of burglary of a conveyance with an assault or battery. The trial court imposed a ten-year minimum mandatory sentence. We agree with Figueroa-Montalvo that the plain language of the statute calls for imposition of a three-year minimum mandatory sentence, and reverse for resentencing.
 

 Section 775.087(2)(a)l. is awkwardly worded. It reads as if the author originally intended to require a ten-year minimum mandatory sentence for any felony conviction involving a firearm, unless an offense was enumerated as an “exception,” in which case the three-year minimum mandatory would apply. However, the drafter then limited the ten-year minimum mandatory to a list of enumerated felony offenses.
 
 [2]
 
 Given a plain reading of the
 
 *175
 
 statute, therefore, the ten-year minimum mandatory term is not generally applied to all felonies, but only to the offenses enumerated in the statute.
 
 See, e.g., Murray v. State,
 
 491 So.2d 1120 (Fla.1986) (holding that the ten-year minimum mandatory sentence in section 775.087(2)(a) did not apply to the charge of manslaughter, because it is not one of the enumerated offenses). Significantly, burglary of a conveyance "with an assault or battery is not one of the enumerated offenses to which the ten-year minimum mandatory applies.
 

 The crime of burglary of a conveyance is, however, listed as one of the charges to which the three-year mandatory minimum applies. Because the plain language of the statute neither states nor suggests that a ten-year minimum sentence applies if the charge of burglary of a conveyance is enhanced based upon the commission of an assault or battery, we believe that the only reasonable reading of the statute is that proposed by Figueroa-Montalvo.
 
 See Holly v. Auld,
 
 450 So.2d 217, 219 (Fla.1984) (quoting
 
 A.R. Douglass, Inc. v. McRainey,
 
 102 Fla. 1141, 137 So. 157, 159 (Fla.1931)) (“ ‘[w]hen the language of the statute is clear and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation and construction; the statute must be given its plain and obvious meaning.’ ”).
 

 At sentencing, the trial judge imposed a ten-year sentence, followed by two years of probation, and indicated that he would have imposed a lesser prison sanction if allowed by law. Because a lesser sentence could legally be imposed in this case,
 
 [3]
 
 we vacate the sentence in its entire
 
 *176
 
 ty and remand for resentencing with imposition of a three-year minimum mandatory sentence.
 
 See Hines v. State,
 
 817 So.2d 964, 965-66 (Fla. 2d DCA 2002) (recognizing appellate court should remand for re-sentencing when a trial court had a misim-pression regarding the extent of his or her sentencing discretion when imposing the original sentence).
 

 We affirm the conviction without comment.
 

 CONVICTION AFFIRMED; SENTENCE REVERSED; REMANDED FOR RESENTENCING.
 

 GRIFFIN and EVANDER, JJ„ concur.
 

 [1]
 

 . See § 810.02(2)(a), Fla. Stat. (2007).
 

 [2]
 

 . In its entirety, section 775.087(2)(a)l., Florida Statutes (2007), reads:
 

 
 *175
 
 (2)(a)l. Any person who is convicted of a felony or an attempt to commit a felony, regardless of whether the use of a weapon is an element of the felony, and the conviction was for:
 

 a. Murder;
 

 b. Sexual battery;
 

 c. Robbery;
 

 d. Burglary;
 

 e. Arson;
 

 f. Aggravated assault;
 

 g. ' Aggravated battery;
 

 h. Kidnapping;
 

 i. Escape;
 

 j. Aircraft piracy;
 

 k. Aggravated child abuse;
 

 l. Aggravated abuse of an elderly person or disabled adult;
 

 m. Unlawful throwing, placing, or discharging of a destructive device or bomb;
 

 n. Carjacking;
 

 o. Home-invasion robbery;
 

 p. Aggravated stalking;
 

 q. Trafficking in cannabis, trafficking in cocaine, capital importation of cocaine, trafficking in illegal drugs, capital importation of illegal drugs, trafficking in phencyclidine, capital importation of phencyclidine, trafficking in methaqualone, capital importation of methaqualone, trafficking in amphetamine, capital importation of amphetamine, trafficking in flunitrazepam, trafficking in gamma-hydroxybutyric acid (GHB), trafficking in 1,4-Butanediol, trafficking in Phenethylamines, or other violation of s. 893.135(1); or
 

 r.Possession of a firearm by a felon and during the commission of the offense, such person actually possessed a "firearm” or "destructive device” as those terms are defined in s.790.001, shall be sentenced to a minimum term of imprisonment of 10 years, except that a person who is convicted for aggravated assault, possession of a firearm by a felon, or burglary of a conveyance shall be sentenced to a minimum term of imprisonment of 3 years if such person possessed a "firearm” or "destructive device” during the commission of the offense.
 

 [3]
 

 . The criminal punishment code scoresheet included in the record on appeal reflects that Figueroa-Montalvo has no prior criminal record and scores a minimum of 5.1 years in prison. This record does not reflect a basis for downward departure. And, the maximum sentence is life with no possibility of parole. We, of course, express no opinion as to the appropriateness of any sentence on remand. That is a matter solely within the discretion of the able trial judge.