KELLY, Judge.
 

 Dwayne M. Scott appeals the order revoking his community control for driving with a suspended or revoked license. He contends that the trial court erred in revoking his community control where the only evidence of violation was hearsay. We agree and reverse.
 

 The State has the burden of proving by the greater weight of the evidence that the defendant willfully and substantially violated a specific condition of his probation or community control.
 
 Brown v. State,
 
 813 So.2d 202, 204 (Fla. 2d DCA 2002). Although hearsay evidence is admissible during a revocation proceeding, a defendant’s probation or community control cannot be revoked solely on hearsay.
 
 Thompson v. State,
 
 890 So.2d 382, 383 (Fla. 2d DCA 2004). Here, the affidavit of violation alleged that Scott committed a new law violation by driving with a suspended or revoked license “as evidenced by his arrest by St. Petersburg Police Department on 7-18-07.” However, at the revocation hearing, the only evidence the State presented to substantiate the violation was the hearsay testimony of Scott’s community control officer that a coworker had seen Scott driving. Neither the individual who allegedly witnessed Scott driving nor the officer who arrested him was called to testify. Because the State relied solely on hearsay to establish that Scott violated his community control, we reverse the revocation order and remand for reinstatement of Scott to community control.
 

 Reversed and remanded.
 

 SILBERMAN and LaROSE, JJ., concur.