EVANDER, J.
 

 Leonard has filed a petition, alleging that his appellate counsel was ineffective. We have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.141(c), and conclude that counsel should have challenged the imposition of an illegal minimum mandatory ten year sentence on Leonard’s conviction for aggravated assault with a firearm.
 
 [1]
 

 Leonard was convicted, after a jury trial, of attempted first degree murder with a firearm, shooting at, within, or into an occupied vehicle, and aggravated assault with a firearm. As to the aggravated assault count, the jury made a special finding that Leonard had actually possessed a firearm during the commission of the crime, but declined to find that he had discharged the firearm. He was sentenced to life in prison on the attempted murder charge, fifteen years on the second count, and a minimum mandatory ten year sentence on the aggravated assault with a firearm conviction. His sentences were to run concurrently. Leonard’s convictions and sentences were affirmed by this court without opinion.
 
 See Leonard v. State,
 
 987 So.2d 91 (Fla. 5th DCA 2008).
 

 In his petition, Leonard correctly argues that the trial court was required to impose a three, not ten, year minimum mandatory sentence on his conviction for
 
 *787
 
 aggravated assault with a firearm. Section 775.087(2)(a)(l), Florida Statutes (2006), requires the imposition of a ten year minimum mandatory sentence for certain enumerated offenses and a three year minimum mandatory sentence for other enumerated offenses.
 
 See Figueroa-Montalvo v. State,
 
 10 So.3d 173 (Fla. 5th DCA 2009). As to aggravated assault, a plain reading of the statute calls for imposition of a three year minimum mandatory prison sentence:
 

 Any person who is convicted of a felony or an attempt to commit a felony, regardless of whether the use of a weapon is an element of the felony, and the conviction was for:
 

 [enumerated offenses]
 

 and during the commission of the offense, such person actually possessed a ‘firearm’ or ‘destructive device’ ... shall be sentenced to a minimum term of imprisonment of 10 years,
 
 except that a person who is convicted for aggravated assault,
 
 possession of a firearm by a felon, or burglary of a conveyance
 
 shall be sentenced to a minimum term of imprisonment of 3 years
 
 if such person possessed a ‘firearm’ or ‘destructive device’ during the commission of the offense. (emphasis added)
 

 § 775.087(2)(a)(l), Fla. Stat. (2006).
 

 Because the State has provided the relevant trial records from which this court can conclude that the sentence imposed was illegal, a new appeal would be redundant.
 
 See Johnson v. Wainwright,
 
 498 So.2d 938, 939 (Fla.1986). Accordingly, we vacate the sentence imposed on Leonard’s aggravated assault with a firearm conviction and remand for resentencing. The remainder of the issues raised in Leonard’s petition are without merit.
 

 Petition GRANTED in part; DENIED in part; REMANDED.
 

 ORFINGER and COHEN, JJ., concur.
 

 [1]
 

 .
 
 See
 
 Fla. R.Crim. P. 3.800(b)(2).