DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**LATASIA WEBB,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D13-4232

[January 7, 2015]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Matthew I. Destry, Judge; L.T. Case No. 11019070 CF10A.

Carey Haughwout, Public Defender, and Tatjana Ostapoff, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Cynthia L. Comras, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Latasia Webb ("defendant") pled no contest to uttering a forged or false instrument (bank check), and in return received a withhold of adjudication and five years of probation. Two months later, defendant pled guilty to probation violations, and the court reinstated her probation with a modification that she complete six months of day reporting. Approximately three months after her probation was reinstated, the State filed new affidavits alleging defendant violated probation once again by failing to attend and successfully complete day reporting and the re-entry program (condition 18), failing to report to her probation officer (condition 1), and changing her place of residence without procuring consent from her probation officer (condition 3). At the conclusion of the hearing on the violations, the trial court found there was sufficient evidence that defendant violated all three of these probation conditions. As a result, the trial court revoked her probation, adjudicated her guilty of the underlying crime, and sentenced her to five years in prison. On appeal, defendant argues that the trial court erred in revoking her probation because the violations of both conditions 18 and 3 were founded solely on hearsay

evidence. For the reasons set forth below, we reverse the trial court's order.[1]

"In probation revocation cases the trial court has broad discretion to determine whether a condition of probation has been violated." *Perez v. State*, 801 So. 2d 1001, 1001 (Fla. 4th DCA 2001). "Accordingly, the appropriate standard of review for judgments finding probation violations is whether the trial court abused its discretion in finding the violation." *Hurst v. State*, 941 So. 2d 1252, 1253 (Fla. 1st DCA 2006). "For a violation of a condition of probation to trigger a revocation, the violation must be willful and substantial, and the state must prove it by the greater weight of the evidence." *Tobias v. State*, 828 So. 2d 1066, 1068 (Fla. 4th DCA 2002). Proof sufficient for a criminal conviction is not required. *See Stevens v. State*, 409 So. 2d 1051, 1052 (Fla. 1982). Rather, "[t]he proper standard . . . is whether a preponderance of the evidence establishes that the probationer committed the charged offense." *Bowser v. State*, 937 So. 2d 1270, 1271 (Fla. 2d DCA 2006). While, in meeting this lesser standard, the State is permitted to introduce hearsay evidence, "hearsay alone is insufficient to establish a violation of a condition of probation." *Kiess v. State*, 642 So. 2d 1141, 1142 (Fla. 4th DCA 1994).

With respect to condition 3, the defendant's probation officer testified that defendant provided her godsister's address as her residence. When she went to this address to find defendant, defendant's aunt stated that defendant was not living there. She also testified that another officer was sent to that same address, and that officer also received confirmation that defendant was not living there. Additionally, defendant's probation officer testified that she called defendant's mother who stated that defendant did not live at that address. The only non-hearsay evidence relating to this condition was the probation officer's testimony that defendant was not at the residence when she visited. This one-time observation establishes only that defendant was not home on the day of her visit. *See Rowan v. State*, 696 So. 2d 842, 843 (Fla. 2d DCA 1997) (testimony of probation officer that landlord told him probationer moved from approved residence was hearsay and could not support revocation of probation without additional non-hearsay evidence); *Smith v. State*, 690 So. 2d 733, 734 (Fla. 4th DCA 1997) (testimony of probation officer that probationer's grandmother told him that probationer no longer lived at residence, without non-hearsay evidence, was insufficient to support probation revocation); *Brown v. State*, 659 So. 2d 1260, 1262 (Fla. 4th DCA 1995) (trial court improperly found

---

[1] Defendant concedes in her initial brief that the violation of condition 1 of her probation was supported by direct evidence, which supports a finding that she violated her probation.

defendant guilty of changing his residence without permission based on hearsay evidence from defendant's community control officer, who testified that when she went to defendant's address to verify his residence, defendant's sister told her that defendant no longer lived there). Therefore, the State failed to establish that the violation of condition 3 was supported by competent, substantial evidence.

Defendant also raised an objection with respect to the evidence supporting condition 18. At the revocation hearing, the only evidence supporting this violation was hearsay that came via the testimony of the probation officer who testified that she received a call from the Sheriff's Office notifying her that defendant did not successfully complete the day reporting program. No non-hearsay evidence was presented to establish a violation of condition 18. Although the trial court made a specific finding that this violation was supported by non-hearsay evidence, specifically a claimed admission by defendant to her probation officer that she failed to complete the day reporting program, a review of the transcript shows that defendant's actual statement was too vague to constitute an admission in this regard:

> [Witness]: It was [the Sheriff's Office] monitoring her GPS. I met with her two days prior before the detectives, two or three days prior, before the detectives contacted me. And [defendant] advised me she didn't think that [the Sheriff's Office] was properly monitoring her bracelet. And I asked her why would you say something like that?
>
> [State]: When you say her, I am confused.
>
> [Witness]: The offender. She said, I'm just telling you, I don't think they are willing. I told her, yes, they are. Whatever it is that you are doing, you need to stay on task. And then I get the call and then I get the [Sheriff's Office] paper telling me that she did not successfully complete the program because they could not locate her for two or three days.

Defendant's statement was that she did not believe the Sheriff's Office was monitoring her ankle bracelet; she said nothing about failing to complete the day reporting program. As such, the trial court improperly found defendant guilty of violating condition 18 based solely on hearsay evidence. *See Smith v. State*, 690 So. 2d at 734; *Brown v. State*, 659 So. 2d at 1262.

It is unclear from the record whether or not the trial court would have revoked defendant's probation and sentenced her to five years of imprisonment based upon a violation of condition 1 alone. We therefore remand with instructions that the trial court reconsider defendant's probation revocation and sentence in light of this opinion. *See Brown v. State*, 12 So. 3d 877, 879-80 (Fla. 4th DCA 2009); *Oertel v. State*, 82 So. 3d 152, 157 (Fla. 4th DCA 2012). We leave to the trial court's discretion the issue as to what sentence, if any, defendant should receive on remand. *See Davis v. State*, 474 So. 2d 1246, 1247 (Fla. 4th DCA 1985); *see also Fugueroa-Montalvo v. State*, 10 So. 3d 173, 175-76 n.3 (Fla. 5th DCA 2009).

*Affirmed in part, Reversed in part, and Remanded with instructions.*

WARNER, TAYLOR and KLINGENSMITH, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**