DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DAVID RINCON,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D17-3830

[February 6, 2019]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; John S. Kastrenakes, Judge; L.T. Case No. 50-2004-CF-008074-AXXX-MB.

Carey Haughwout, Public Defender, and Erika Follmer, Assistant Public Defender, West Palm Beach, for appellant.

Ashley B. Moody, Attorney General, Tallahassee, and Jeanine Germanowicz, Assistant Attorney General, West Palm Beach, for appellee.

CIKLIN, J.

After a probation revocation hearing, the trial court found that the appellant violated his probation by using cocaine and by committing three new offenses: theft, dealing in stolen property, and providing false verification of ownership to a secondhand dealer. The appellant raises multiple issues on appeal. We agree with the appellant that the trial court erred in finding that he provided false verification of ownership to a secondhand dealer, and we reverse for resentencing. We find no merit in the appellant's other arguments.

The appellant was placed on probation for various offenses. Subsequently, it was alleged that he violated his probation by using cocaine and committing the new offenses. With respect to the false verification of ownership offense, the state presented evidence establishing that the appellant pawned items which his mother-in-law had loaned him. In the first transaction, the appellant pawned an electric pipe snake. In the second transaction, he pawned an electric leaf

blower and an A-frame ladder. The pawn receipts contain the appellant's signature and fingerprint but no statement verifying his ownership of the property.

In July 2017, the appellant's mother-in-law learned the items had been pawned, and she reported the items as stolen, but acknowledged that she had loaned the items to the appellant. A detective interviewed the appellant, who admitted that he pawned the items.

At the close of evidence, defense counsel argued that the state did not prove that the appellant provided a false verification of ownership. The trial court rejected the argument, revoked the appellant's probation on multiple grounds, including a finding that he provided false verification of ownership, and sentenced him to 25 years' imprisonment.

On appeal, the appellant argues that there was insufficient evidence that he provided false verification of ownership. We agree. "[T]he appropriate standard of review for judgments finding probation violations is whether the trial court abused its discretion in finding the violation." *Webb v. State*, 154 So. 3d 1186, 1188 (Fla. 4th DCA 2015). The state must prove the alleged violation by a preponderance of the evidence. *Id.*

The appellant's probation was revoked based in part on the commission of a violation of section 538.04(4)(a), Florida Statutes (2017), which provides that "[a]ny person who knowingly gives false verification of ownership . . . and who receives money from a secondhand dealer for goods sold, consigned, or traded" is guilty of a third-degree felony if the "value of the money received is less than $300."[1] The statute also provides that the secondhand dealer must complete a transaction form containing specified information, including the identifying information of the person "from whom the goods were acquired," that person's thumbprint, and a signed "statement verifying that the seller is the rightful owner of the goods or is entitled to sell, consign, or trade the goods." § 538.04(1)(d), and (3), Fla. Stat.

Here, there was no testimony that the appellant claimed to be the owner of the property. The pawnbroker did not testify. The detective recounted his conversation with the pawnbroker, but nothing in that conversation established that the appellant verified his ownership of the property. The pawn receipts entered into evidence do not contain an ownership verification provision. The form does not identify the

---

[1] The appellant does not argue on appeal that the statute did not apply to this pawn transaction.

appellant as the owner but only as the "pledgor/seller." The transaction forms *do contain* a verification that the pledgor/seller "agree[s] to all terms and conditions of the front and back" and that "[u]nder penalty of perjury [has] read the foregoing document, and the facts stated in it are true." But, importantly, the back pages of the transaction forms do not appear in the record and were apparently not introduced into evidence at trial.

The state argues that there was evidence that the appellant was not the owner of the property. While that may be true, that was not sufficient to prove that he gave a false verification of ownership. The statute he was found to have violated criminalizes not the act of pawning items which the person does not own but rather the provision of a false verification of ownership.

Based on the foregoing, we affirm the revocation to the extent it was based on the appellant's cocaine use and commission of theft and dealing in stolen property, but we reverse to the extent the revocation was based on the false verification offense. We remand "to allow the trial court to [re]-consider the sentence imposed based upon the . . . supported violations" and to "correct the order revoking probation to remove the . . . unsupported violations." *Whitehead v. State*, 22 So. 3d 846, 849 (Fla. 4th DCA 2009).

*Affirmed in part, reversed in part, and remanded with instructions.*

WARNER and LEVINE, JJ., concur.

*　　*　　*

***Not final until disposition of timely filed motion for rehearing.***